## SPEER et al. v. ALEXANDER.

Where to a petition seeking injunction, cancellation of a written instrument, etc., general demurrers upon various grounds and special demurrers to various paragraphs of the petition were filed, and upon the hearing the court sustained the general and special demurrers, with leave to amend the petition within a stated period, ordering further, that, "unless plaintiff amends as allowed within the time specified, the petition of plaintiff will stand dismissed," and petitioners did amend within the stated period, but failed to add to or change materially the allegations of the petition relatively to the questions raised by general demurrer, a dismissal of the suit necessarily followed, without respect as to whether or not the general and special demurrers were properly sustained by the first order. The assignment of error upon the final dismissal of the case raised solely the question as to whether or not the amendments were of such character as to meet the original demurrers.

No. 1497. FEBRUARY 11, 1920.

Equitable petition. Before Judge Ellis. Fulton superior court. April 15, 1919.

J. M. Speer and Mrs. Maud R. Speer brought their petition against John W. Alexander, and sought injunction and cancellation of a certain promissory note given to the defendant by the plaintiffs for the purchase-price of a certain business. It was alleged in the petition as follows: On November 8, 1915, the defendant was conducting and operating a skating-rink and a certain business accessory thereto in a building owned by him. On that day the petitioners rented the building from the defendant for a specified period. T. P. Sharp was interested with petitioners in the lease. The lease was continued for one year, and was to terminate and liability for rent was to terminate immediately if at any time the building became unfit for use as a skating-rink. Petitioners, contemporaneously with the leasing of the premises from the defendant, purchased from him a half interest in the skating-rink business conducted by the defendant, agreeing to pay him for that interest, including certain accessories, the sum of $1500, for which they executed their joint promissory note payable one year from date. They subsequently made certain payments on the note. This purchase was made upon the defendant's representations that said business was exceedingly profitable. These representations were false, and were fraudulently made for the purpose of selling to petitioners the business, which was not only worthless but constantly losing money, and it did lose money con-

tinuously though conducted conservatively and economically until June 9, 1916, on which date the skating-rink building collapsed and the further operation of the business was rendered impossible. Up to that date the business had been conducted at a loss by petitioners. The collapse of the building was in consequence of defective construction unknown to petitioners. Had the building not collapsed petitioners might have reaped a fair profit on the business during the remainder of the year 1916. The defendant had given notice that on the first Tuesday in September, 1917, he would sell at public outcry ten shares of bank stock owned by one of the petitioners, which had been transferred to the defendant as collateral security. By reason of the utter failure of consideration for the promissory note and of the other facts stated in the petition, petitioners are not indebted to the defendant in any sum, but defendant should repay to them the amount paid by them on account of that note and on account of the rental of the premises; and he has injured and damaged petitioners in the sum of $5,000 by his false and fraudulent representations. They prayed for injunction, and for a judgment in a stated sum as damages, etc.

An interlocutory injunction was granted and continued until the hearing of the cause in term. At the appearance term the defendant filed general and special demurrers upon the ground of nonjoinder of parties and numerous other grounds. The petition was divided into thirteen paragraphs, and these paragraphs in consecutive order were demurred to generally and specially. At the hearing the court passed the following order: "The within general and special demurrer coming on to be heard, it is ordered that the prayers for injunction be stricken and the restraining order heretofore granted be dissolved. The remaining grounds of general and special demurrer are sustained, with 20 days leave granted to the plaintiffs to amend said petition; and unless plaintiffs amend as allowed within the time specified, the petition of plaintiffs will stand dismissed." Within the time allowed the petitioners amended by striking certain words from specified paragraphs (which are immaterial so far as relates to the question here involved), and by striking paragraphs 7 and 8 and making in lieu thereof certain allegations more clearly showing the amount of the interest of the petitioners in the business, and by adding further allegations as to the profits that might have been made in

the latter part of the year after the building had collapsed, that is, in the summer and fall of 1916, and making a further statement as to the losses; also by striking from the original petition the prayer for $5,000 damages. After the amendment was submitted, the motion to dismiss was renewed on the ground that the amendment did not remove the objections previously urged. This motion was sustained by the court, and the petitioners excepted.

*Napier, Wright & Wood* and *Westmoreland, Anderson & Smith,* for plaintiffs.

*R. B. Blackburn* and *Colquitt & Conyers,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The court did not err in sustaining the motion to dismiss. A general demurrer based upon several grounds had been sustained, and the demurrers that went to the merits of practically every paragraph of the petition had also been sustained. The ruling sustaining the original demurrers became the law of the case, and to this ruling there was no exception. The assignment of error in the bill of exceptions is upon the ruling of the court sustaining the motion to dismiss after the amendment was submitted. The motion to dismiss was properly sustained because of the failure of the plaintiffs to amend in material particulars relatively to the general demurrer. The changes made by the amendment were in no respect material to the character or substance of the suit as it stood before the amendment, so far as related to the statement of a cause of action; and the order that the case should "stand dismissed," unless the plaintiffs filed amendments as allowed, automatically dismissed the case where no amendments were filed that met the general demurrers. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670).

*Judgment affirmed. All the Justices concur.*