## LAVENDEN *et al.* v. HASEMAN *et al.*

On September 25, 1922, the judge of the superior court ordered "that the general demurrer be sustained and the case stand dismissed after twenty days, in which the plaintiffs may tender amendment to meet the objections set out in the general demurrer." Later, on October 14,

1922, this order was amended so that thirty days instead of twenty were allowed for the amendment. By the order of September 25, 1922, plaintiffs' petition was dismissed upon general demurrer as of that date, unless the effect of the amendment was to strengthen the case of the plaintiffs. The plaintiffs were not obliged to amend, for by law they were entitled to test the correctness of the ruling upon the general demurrer by direct bill of exceptions; but they elected to comply with the ruling of the court, and to amend in conformity with that ruling; and inasmuch as the amendment did not strengthen the case as it stood on September 25, 1922, the judgment sustaining the general demurrer became effective as of September 25, 1922. This being so, the court did not err in dismissing the case.

No. 3669. JANUARY 17, 1924. REHEARING DENIED MARCH 1, 1924.

Equitable petition. Before Judge Ellis. Fulton superior court. February 6, 1923.

*W. H. Terrell,* for plaintiffs.

*Weltner, Cheatham & Lewis,* for defendants.

RUSSELL, C. J. It appears from the record that L. Lavenden, J. D. Haseman, and D. R. Battenfield made a contract for the purpose of purchasing and acquiring real estate in Charlton county, Georgia, and for developing the same. It was mutually agreed that the title to such real estate as might be purchased in Charlton county, either jointly or severally by either or all of the parties, should be vested jointly in the three parties, and the title "shall rest in the hands of Judge Reynolds until the same shall be turned over to a company to be organized later on." "Such funds as may be necessary for the purchase of such real property shall be arranged for by L. Lavenden or J. D. Haseman or both, for the account of the three parties; and any decision taken and arrangement made by two of said parties for the financing of the land deal, as well as for the further development of the same, shall be binding for the three said parties." All expenses were to be shared equally between the three parties. Lavenden and Battenfield alleged in their petition that together with the defendant they purchased a certain described tract of land in Charlton county, Georgia, prior to July 7, 1923, which the defendant sold to the Sparta Chemical Company, acting both for himself and for petitioners, and that he received from the Sparta Chemical Company $60,000 in cash and $100,000 of the capital stock in said company; whereas the ·defendant has falsely and fraudulently represented to petitioners that he only received

$6000; petitioners at the time believed this to be true and settled with the defendant on that basis; and the defendant, representing that he had been put to heavy expenses, "urged them to accept $2000 as their share of the purchase-money of said land, to which they agreed and accordingly did accept." The petitioners allege that they are entitled to receive two thirds of the purchase-price of the land, to wit, $40,000 in cash and two thirds of the stock of the corporation received by the defendant; and they ask for a receiver and judgment for $38,000, with interest, as well as a decree requiring the defendant to deliver to the petitioners their share of the capital stock of the Sparta Chemical Company above referred to. To this petition the defendant demurred upon the grounds, first, that the allegations are insufficient to constitute a cause of action; and second, that the allegations contained in said petition are insufficient to show any right in said plaintiffs, or either of them, to the relief prayed.

Upon the hearing had on September 25, 1922, the judge of the superior court "ordered that the general demurrer be sustained and the case stand dismissed after twenty days, in which plaintiff may tender amendment to meet the objections set out in the demurrer." On October 14, 1922, this order was amended only in the respect that thirty days instead of twenty days were granted in which the petition might be amended to meet the demurrer. The petitioners amended by praying that the Sparta Chemical Company, Dr. William Owens, and Ben L. Sitton be made additional parties defendant; and thereafter in the petition they set forth the lengthy history as to the course of dealing between the plaintiffs and the defendant for quite a period of time prior to the making of the contract set forth in the original petition, as well as the history of the formation of the Sparta Chemical Company and of the sale by the defendant Haseman of the Charlton county land mentioned in the original petition, for $60,000 in cash and 1000 shares of the stock of the aforesaid corporation. It was alleged that Owens was to have the 1000 shares of stock, "on which he was supposed to have paid $15,000 in the organization of the company, but on which he has not in fact paid anything," and that Sitton was to have a small block of said stock. It is also alleged that one Rives paid into the treasury of the company, or to Owens, $1000 on account of his

subscription, but his money was refunded to him by Owens. Various other statements are made, relating to transactions of the Sparta Chemical Company, none of which are germane to the original action which the new petition sought to amend. In the sixteenth paragraph, "Petitioners allege that they are willing to confirm the sale made by the defendant Haseman, so far as the amount received by him is concerned; but they are unwilling to agree to the payment of five thousand dollars to Dr. William Owens, or the gift of the stock to him and Sitton and the others, if there be any such."

.Without going into full details of the contents of the amendment offered by the plaintiffs, it appears in the seventeenth paragraph of the amendment that the petitioners claim that they are entitled to recover of defendant Owens $3333.33, with interest; and in the eighteenth paragraph the petitioners pray for a judgment against William Owens and "the said defendant company" (Sparta Chemical Company) by reason of their connection with the defendant Haseman, in that they "were on notice of the purpose and intent of the said Haseman to defraud petitioners of their interest therein, and that he and the said company aided the said Haseman in concealing the name of the purchaser and the terms of the sale, and likewise aided and abetted said Haseman in the manipulation of said sale and the disposition of the proceeds thereof, well knowing that the said Haseman was not a man of means, thereby becoming liable to petitioners, jointly with the said Haseman on account of his defalcation;" and they pray for a judgment for $38,000, with interest from July 7, 1920. The proposed amendment was allowed by the court, subject to objection and demurrer, October 23, 1922; and on November 1, 1922, the defendant Haseman demurred upon five grounds.

An order of the judge of the superior court that a party shall amend is in no case obligatory or compulsory upon the party to whom it is directed. It is true that disobedience or a failure to regard the order will result in dismissal, and one to whom an order is directed permitting an amendment disregards it at his peril. Nevertheless, if the amendment directed cannot lawfully be made, and especially if as a matter of law no amendment is required, our rules of practice require that exception be taken to the ruling of the court, instead of complying with the court's re-

quirement to amend. By complying with an order to amend when no amendment is necessary, a party waives his right to except, by conceding that amendment was necessary. In the present case compliance with the order to amend, and the nature of the amendment presented, rendered the amended petition bad, though the original petition was good as against the general demurrer. The plaintiffs, by submitting to the ruling that the original petition was defective—and thereby conceding that unless it was amended it ought to be dismissed, and by amending to meet the objections, because refusal to amend would have resulted in dismissal of their case at that time,—instead of excepting thereto by a direct bill of exceptions within the time allowed by law, by election estopped themselves from saying thereafter that the amendment was not necessary. *Rome Railroad Co.* v. *Thompson,* 101 *Ga.* 26; *Glover* v. *S., F. & W. Ry. Co.,* 107 *Ga.* 34; *Hamer* v. *White,* 110 *Ga.* 300; *Morris* v. *Wofford,* 114 *Ga.* 935. The order of the trial judge requiring amendment, to which reference has already been made, does not set out what objections were urged in the argument, but the demurrers to the original petition were general in their nature. The plaintiffs could have refused to amend and have tested the sufficiency of the petition by direct bill of exceptions. They elected to file the amendment, and thereby conceded that without amendment the petition could not withstand a general demurrer, and that, unless they did amend, their suit ought to be dismissed. The order of dismissal of September 25, 1922, was a final judgment completely disposing of the case, unless the petitioners satisfactorily complied with a condition proposed by the court, but which the petitioners were free to decline, and which we think they should have refused. The judgment of the lower court was to the effect that the petition needed strengthening to make it strong enough to withstand a general demurrer, and the court "dismissed" the petition by order granted September 25, 1922. It is true that the court allowed time for an amendment; but this was only a proposal on the part of the court to withdraw his judgment and revoke his judgment of dismissal if the petition already adjudged to be too weak was strengthened to the satisfaction of the court. Upon consideration of the amendment the court held that the effort to strengthen the petition was not successful. The petition was in fact weakened rather than

strengthened, and for that reason the court declined to alter his prior judgment or to revoke it. The amendment not having strengthened the cause originally stated in the petition, the case was properly dismissed, because the dismissal merely disposed of the condition—accepted by the petitioners—as to the amending of the petition, by adjudging that the petition, which the plaintiffs conceded needed strengthening, had not been strengthened.

*Judgment affirmed. All the Justices concur.*