Where a judgment sustains certain grounds of a demurrer and provides that the petitioner shall have thirty days to amend to meet the grounds of the demurrer, and that in default of such amendment the petition shall stand dismissed, and no exception is taken to such judgment, but it is acquiesced in by tendering an amendment which fails to meet the grounds of the demurrer, it is error to overrule an objection to the amendment and a demurrer to the petition as amended.
 No. 14040. MARCH 11, 1942.
The original petition of W. E. Gamble, individually and as next friend of David Eugene Phillips and Mrs. Daisy Maxine Phillips Stowers, minors, and Mrs. Vera Mae Phillips West, Mrs. Inez Phillips, and Robert Lee Phillips, against Rowdy J. Gamble, Mrs. Mattie E. Gamble individually and as administratrix of the estate of W. J. Gamble, and the Northwest Atlanta Bank, alleged, in substance, that W. J. Gamble, a resident of Fulton County, Georgia, died intestate in January, 1926; that he left as heirs Mrs. Mattie E. Gamble, his wife, Rowdy J. Gamble and W. E. Gamble, sons, and also all of the other named plaintiffs who are children of Lucy Gamble Phillips, a daughter of W. J. Gamble, who died in 1924, two years before the death of her father; that W. J. Gamble owned real estate valued at $10,000, and owed no debts; that the defendant Mrs. Mattie E. Gamble, on her application therefor, was appointed administratrix of the estate of her husband, W. J. Gamble, by the Fulton County court of ordinary at the March term, 1926; *Page 592 
that she made bond as administratrix in the amount of $10,000, and duly qualified; that she is illiterate and ignorant of business affairs; that no appraisal of the assets of the estate was ever made and filed; that on application of the administratrix the court of ordinary in 1927 passed an order authorizing a sale of the real estate belonging to the W. J. Gamble estate, for the purpose of paying debts and distribution; and that on February 7, 1928, the administratrix executed a deed conveying to the defendant Rowdy J. Gamble, for a recited consideration of $1500, the land belonging to the estate. It was alleged that the administratrix has no knowledge of having signed an application for an order to sell the land; that her name was forged on the application by Rowdy J. Gamble or some one unknown to petitioners; that the sale of the land was not made in conformity with the law and is void; and that no consideration was paid. The petition alleged further that the defendant administratrix made her final returns which show that she paid to Rowdy J. Gamble, on an alleged claim held by him against the estate, the sum of $1560, which constituted the full amount received by the administratrix from the sale of all of the assets of the estate, both real and personal.
The petition alleged, that the final return was not made by the administratrix; that she had no knowledge that it was made; that it was false and fraudulent and was made by Rowdy J. Gamble or by some person unknown to petitioners, at the instance of Rowdy J. Gamble as a part of a scheme of his to defraud petitioners of their interest in the estate. It further showed that by a proper order of the court of ordinary the administratrix was duly discharged at the May term, 1930. Paragraph 15 of the petition alleged that W. E. Gamble during said period of time was a nonresident of the State of Georgia, and had no knowledge of any of the acts of the defendants; and paragraph 16 alleged that during the greater part of said period of time the other plaintiffs were minors, and that "all of your petitioners have just learned in the last two weeks about all of the facts and matters in this petition set forth." It was alleged, that since obtaining a deed to all of the lands of the estate R. J. Gamble has had possession and received the profits therefrom; that R. J. Gamble has no deposit in the defendant bank, in the name of Liberty Oil Company, $2150 derived from the property which he obtained from the estate; that he used *Page 593 
Mrs. Mattie E. Gamble as a dummy in converting the property of the estate to his own use; that persons generally dealing with the estate knew of this fact and required quitclaim deeds from the administratrix, some of which were executed by the administratrix making her mark and some by signing her name; that R. J. Gamble either forged her name or procured it by fraudulently misrepresenting the contents of such deeds; that Mrs. Gamble received nothing from the estate; that petitioners have tried many times to learn the status of the estate and to obtain an accounting, but have failed, because the administratrix knew nothing about it and R. J. Gamble refused to tell them; that R. J. Gamble has intermingled the property of the estate with his own; that to avoid a multiplicity of suits and irreparable injury equity should take jurisdiction; and that defendants are both insolvent. The prayers were for receiver, accounting, injunction, cancellation of the deed from the administratrix to R. J. Gamble; and general relief.
To this petition Rowdy J. Gamble filed general and special demurrers on eleven grounds. On June 27, 1941, grounds 3, 7, 9, 10, and 11 were sustained, "with thirty days leave to amend said petition to meet the grounds of defendant's demurrer as herein sustained; otherwise said suit shall stand dismissed." The other grounds of the demurrer were overruled. In ground 3 it was contended that the petition showed that the suit was brought more than three years from the time the cause of action arose; that all of the alleged fraud occurred more than twelve years before the suit was filed; that the deed it was sought to cancel had been duly recorded, and R. J. Gamble had been in open possession of the land for more than ten years; and that these facts were sufficient notice to require the plaintiffs to sue within three years from the sale of the land. Ground 7 assailed paragraph 16 for indefiniteness and uncertainty as to the period of time during which some of the named plaintiffs were minors, and because it failed to show how the plaintiffs obtained knowledge of the facts within the past two weeks. Ground 9 assailed paragraph 21 as stating mere conclusions without alleging any facts. Ground 10 assailed paragraph 24 as conflicting with other allegations of the petition, in that the allegation that plaintiffs had sought to obtain information as to the status of the estate and an accounting, and that Mrs. Gamble had no knowledge and R. J. Gamble refused, contradicted allegations in paragraph *Page 594 
16 that the plaintiffs had learned for the first time, within two weeks of filing the suit, of the facts set forth; and that it is indefinite and uncertain and alleges no facts as to when such effort was made to learn the status of the estate and to obtain an accounting. Ground 11 assailed the petition as a whole, because no facts entitling plaintiffs to any of the relief sought were alleged: (a) because W. E. Gamble is barred by the statute of limitations, because any rights now claimed by him arose more than ten years before the petition was filed; and (b) because the other petitioners are shown to be children of a deceased daughter of the intestate W. J. Gamble, who predeceased her father, and therefore that the running of the statute of limitations was not suspended because of their minority, and their rights asserted against these defendants were barred by the statute of limitations, because the petition shows that they arose more than ten years before the suit was filed.
Within thirty days from the judgment on the demurrers, the plaintiffs offered and had allowed, subject to objection, an amendment which, in substance, showed the ages of the plaintiffs, except W. E. Gamble; that they were minors during the time the estate was being administered; that W. E. Gamble was without the State from 1926 to 1939; that during the entire time covered by the petition the lands owned by W. J. Gamble were in the possession of Mrs. Mattie E. Gamble; and that the plaintiffs did not learn of the facts set forth in the petition until Rowdy J. Gamble undertook to place his mother on the old-age pension roll within ten days of the filing of this suit. Paragraph 16 was amended by showing the ages of the plaintiffs, except W. E. Gamble, and thereby showing their minority during the administration; by showing the nonresidence of W. E. Gamble; and by alleging that the facts complained of could not be discovered and were concealed, without stating any facts showing the manner of concealment or why discovery was impossible. Paragraph 21 was amended by alleging that by depositions of Mrs. Mattie E. Gamble, taken by Rowdy J. Gamble, she testified that some of her signatures to the quitclaim deeds referred to were obtained by fraud. Paragraph 24 was amended by alleging that plaintiffs sought to secure an accounting from the administratrix, but that she was unable to give it. The amendment added a number of new paragraphs, in which it was alleged that Rowdy J. Gamble had at all times concealed the condition of *Page 595 
the estate; that he lived with his mother, and prevented her from disclosing the condition of the estate; that his mother has disclosed that the administratrix deed to him was without consideration; that she signed the application for appointment and the bond, but nothing else connected with the estate; that she knows nothing else about the estate; that "by these things Rowdy J. Gamble defrauded plaintiffs and his mother;" that on numerous occasions he told W. E. Gamble that the entire estate was in the mother's name and had not been sold, knowing such statements to be false and making them for the purpose of defrauding; and that they were relied upon by plaintiffs.
Rowdy J. Gamble filed objection to the amendment, and renewed all of the grounds of his demurrer to the petition as amended. The court overruled the objection and the demurrer, and the defendant excepted.
Under numerous rulings of this court, where the order sustaining the demurrer allowed a definite time, in this case thirty days, within which an amendment meeting the grounds of the demurrer might be filed, and provided that if no such amendment was filed within the time allowed the suit should "stand dismissed," if no amendment meeting the grounds of the demurrer was filed the suit was automatically dismissed. Clark
v. Ganson, 144 Ga. 544 (87 S.E. 670); Speer v.Alexander, 149 Ga. 765 (102 S.E. 150); Humphries v.Morris, 179 Ga. 55 (175 S.E. 242); Smith v. AtlantaGas-Light Co., 181 Ga. 479 (182 S.E. 603); Howell v.Fulton Bag Cotton Mills, 188 Ga. 488 (4 S.E.2d 181). The original petition, paragraphs 15 and 16, alleged that plaintiff W. E. Gamble was a non-resident of the State, and knew nothing of the facts set forth in the petition until two weeks before the suit was filed; and in paragraph 16 it was alleged that all the other plaintiffs were minors during a part of the time, and that they had no knowledge of the facts alleged until two weeks before the suit was filed. Ground 11 of the demurrer asserted that W. E. Gamble was barred because the facts complained of occurred more than ten years before the suit was filed; and that the other plaintiffs were barred by the ten-year statute of limitations, because, for the reason therein stated, the statute was not tolled *Page 596 
because of their minority. The judgment sustaining these grounds, not having been excepted to, is the law of the case; and whether or not that judgment was authorized under the Code, § 3-709, the plaintiffs are estopped by reason of their acquiescence and failure to challenge the soundness of that judgment. The extent of the present inquiry therefore is only to determine if the offered amendment meets the grounds of the demurrer as provided by the judgment. Looking at the entire amendment in search of allegations relating to this ground of demurrer, we find nothing that changes materially the original averments relating thereto. No attempt is made in the amendment to meet that portion of this ground relating to the minority of the plaintiffs. Nor do we find anything in the amendment that does more than the averments of the original petition, to the effect that W. E. Gamble was a non-resident throughout the time that he attempted to learn the facts complained of; that one of the defendants did not know, and for that reason could not inform him, and the other refused to inform him; and that he learned of them only two weeks before the suit was filed, to relieve this plaintiff from the bar of the statute of limitations. The failure of the offered amendment to meet this ground of the demurrer rendered the judgment dismissing the petition operative at the end of the thirty-day period of time allowed for amendment, and we need not examine the amendment as relates to the other grounds of demurrer. The objection to the amendment should have been sustained, for the above reasons. It was error to overrule the objection and the demurrer to the petition as amended.
Judgment reversed. All the Justices concur.