32357. IRBY *v.* GULF LIFE INSURANCE COMPANY.

DECIDED MARCH 18, 1949.

*Culpepper & Culpepper,* for plaintiff.

*Tindall & Tindall, J. F. Kemp, Sam A. Nunn,* for defendant.

FELTON, J. Whether the original ruling of the trial judge in sustaining the general and special demurrers of the defendant was right or wrong, it became the law of the case and binding on the parties thereto. *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124); *Elijah A. Brown Co.* v. *Wilson,* 191 *Ga.* 750 (13 S. E. 2d, 779); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646); *Gamble* v. *Gamble,* 193 *Ga.* 591 (19 S. E. 2d, 276); *Collins* v. *Myers,* 28 *Ga. App.* 457 (111 S. E. 686); *Atlantic Refining Co.* v. *Peerson,* 31 *Ga. App.* 281 (120 S. E. 652). An order of the court that a party shall amend is in no case compulsory upon the party to whom it is directed. The plaintiff could have refused to amend and tested the sufficiency of the petition by direct bill of exceptions. When, instead of excepting, he acquiesces in the ruling by amending, the only question for this court to decide is whether the amendment materially strengthened the original petition by curing the defects pointed out by the demurrers. The amendment did not in any particular strengthen the original petition as against any of the demurrers which were sustained. The petition originally alleged that at the end of the second policy year the insured would have had a cash or loan value sufficient to buy extended insurance for more than a year and far beyond the date of the insured's death. The amendment, alleging that the company held $29 growing out of the policy for the benefit of the insured which should have been applied to the payment of the premium, and that the company at the end of the second policy year had a reserve of $20 for the benefit of the insured growing out of the policy, and that none of the proceeds were applied on the policy, did not save the petition

from the defects arrived at by the demurrers. The demurrers to the particular allegation in the original petition are as follows: (1) that said allegations are mere conclusions of the pleader; and (2) the amount of said alleged cash or loan value is not alleged; it is not alleged how or in what way the pleader calculated or arrived at said cash or loan value; the pleader does not set forth what expenses and disbursements were necessary for the defendant to make from said two years of alleged paid premiums. Neither did the amendment add anything to the petition with reference to the cashing in of the $500 policy, as against the demurrers urged. The amendment alleged only that the company had notice of the purpose for which it was cashed in. If it can be said that the amendment added materially to the petition as originally drawn as to the custom of accepting belated premium payments, the court was correct in sustaining the last demurrers filed to that part of the amendment, the grounds being as follows: (1) it is not alleged on how many occasions the defendant allowed the premiums under said policy to become in arrears for as much as two or three months; (2) it is not alleged on what date or dates said premiums became in arrears; (3) it is not alleged on what date or dates said premiums were paid; (4) it is not alleged what amount or amounts were paid on said alleged occasion; (5) it is not alleged on what date or dates the agent of the company accepted said alleged deferred payment of premiums; (6) it is not alleged what amount or amounts said agent accepted; (7) it is not alleged how or in what way the company ratified the alleged conduct in the payment and collection of said premiums. The judgment of the lower court is also correct in sustaining the last demurrer to the allegation that the company had $29 or $20, which allegedly should have been applied to extended insurance or premiums, for the reason that these sums under the terms of the policy were not applicable to the payment of a premium unless they amounted to a yearly premium or a part of a full yearly premium which was otherwise partly paid by the insured, and the reserve under the policy, if there was any, was not applicable to extended insurance because under the terms of the policy no value was so applicable unless it was stated in the guaranteed values, and these showed no such application until the end of the third year.

Under the terms of the non-forfeitable clause, the company specifically contracted to apply the remainder of the cash value to Extended Term Insurance "as provided in the guaranteed values of this policy." There being no cash or loan value listed in the guaranteed-values table until the end of the third year, the insured at the end of the second year had no reserve fund from which the company could apply on extended term insurance. "From its express provisions it appears that no present cash value and no automatic extension attached as incident thereto until three annual premiums had been paid and until three full years had passed. This is the contract as written: Entered into by competent parties, not unlawful in itself, not contrary to public policy, and in violation of no statute. It is not within the province of courts to whittle away by nice distinctions the patent meaning of plain English." Pacific Mutual Life Insurance Company v. Turlington, 140 Va. 748 (125 S. E. 658); Moss v. Aetna Life Insurance Company, 73 Fed. 2d, 339. "They have not specifically contracted that the American Experience Tables should control, but on the contrary, have specifically agreed as to the exact amounts of the cash surrender and loan values at the end of each of the years stated." Atlantic Life Insurance Company v. Pharr, 59 Fed. 2d, 1024; Lonabaugh v. Mountain States Life Insurance Company, 14 Fed. 2d, 162.

The plaintiff relies on the case of State Mutual Life Ins. Co. v. Forrest, 19 Ga. App. 296 (191 S. E. 428), for authority that the cash or loan value should be applied on the premium regardless of whether such amount is sufficient to pay the entire annual premium. In that case the court held that, under an automatic non-forfeitable clause providing that the loan value of a policy will be charged against the unpaid premiums "until the loan value is consumed," the insurer is obligated to apply such fractional part of a year as any remaining loan value as then available to the premiums until such loan value should become wholly exhausted as against the insurance company's contention that a clause in the loan provision of the policy, which requires that before a cash loan may be obtained the premium must be paid in full up to the end of the policy year in which the loan is obtained, should be a condition precedent to the company's

obligation to apply any loan value against the unpaid premiums. We are unable to see where that case is authority for the question involved here. In the above case the non-forfeitable clause expressly stated that, upon non-payment of premiums, the loan value of the policy will be applied to the unpaid premiums "until the loan value is consumed." There the parties have specifically contracted to apply any part of such value whether it is sufficient to pay the entire annual premium or a portion thereof. There was a stated cash value in that case to be applied. In the case at bar the parties have specifically contracted not to apply such loan value unless the cash or loan value is sufficient to pay for a whole year's premium or the remainder of the unpaid annual premium, and not to apply a cash or loan value in any event until after three years. Non-forfeitable clauses are not an inherent feature of insurance policies. The law imposes no duty on insurance companies to include such clauses in their policies. The only rights under such clauses arise by contract, and the courts will not interfere when their meaning is clear and unambiguous, as in the present case.

The plaintiff having failed to amend the petition to meet the sustained demurrers, the court did not err in sustaining the renewed demurrers to the petition as amended and to the amendments, and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*