## 32792. TRUITT v. SOUTHERN RAILWAY COMPANY.

DECIDED FEBRUARY 2, 1950.

*G. S. Peck, Augustine Sams,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

SUTTON, C. J. Wylie J. Truitt filed an action for damages in Fulton Superior Court against the Southern Railway Company. The original petition contains, in substance, among others, the following allegations: (2) The defendant is a common carrier. (3) The plaintiff is in the business of moving and loading heavy equipment, and contracted with the Atlanta Gas Light Company to load large propane gas tanks. (4) On May 7, 1948, the plaintiff was preparing to load four large propane gas tanks of the aforesaid gas company on flat-top freight cars provided by the defendant. (5) The tanks were longer than the freight cars, and the method of loading proposed by the plaintiff involved the use of three freight cars for each tank, the tank to be securely and rigidly fastened to the center car with each end overhanging one of the other freight cars. (6) The defendant was represented at the time and place by its agent, D. Hooker, who had supervision over the loading of freight cars provided by the defendant. (7) This agent stated that the defendant would not accept the tanks for shipment loaded in the manner proposed by the plaintiff. (8) He further stated that before the defendant would accept the tanks for shipment, each tank would have to be loaded on two freight cars with each end supported by a turning or pivoted bolster on one of the freight cars, and by additional fastenings and braces described by him. (9) The method of loading and fastening the tanks as required by the defendant was not reasonably necessary for the safe transportation of said tanks to their

destination over the designated route. (10) The method of loading and fastening the tanks as proposed by the plaintiff was proper and was thoroughly adequate and safe for the transportation of the tanks to their destination over the designated route. (11) The method proposed by the plaintiff was equally as strong and secure as the method proposed by the defendant, if not more so. (12) The expense involved in the method of loading and fastening the tanks as proposed by the defendant was greatly in excess of the expense involved in the method of loading and fastening proposed by the plaintiff. (13) The plaintiff was forced by the insistence and demands of the defendant's agent to load the tanks on the freight cars in accordance with the requirements of the defendant, and the plaintiff found that the costs were prohibitive and that he could not load one tank in accordance with such requirements. (14) Thereupon the plaintiff showed the agent other freight cars loaded with similar tanks in the manner proposed by the plaintiff, and upon seeing how the tanks were loaded the agent approved this method of loading. (15) The plaintiff loaded the tanks in the manner originally proposed, and the defendant accepted them for shipment and proceeded to carry them loaded in the manner originally proposed by the plaintiff. (16) In the needless effort to comply with the original requirements and demands of the defendant the plaintiff incurred extra expenses from May 7, 1948, through May 11, 1948, of $750. (The items are detailed in the petition.) (17) The above damages flowed naturally and necessarily from the wrongful acts of the defendant. (18) The plaintiff has been damaged by the act of the defendant in refusing to accept the tanks for shipment as originally proposed by the plaintiff, this refusal being in violation of its duty as a common carrier.

The defendant demurred generally to the petition as setting forth no cause of action; and specially to paragraph 17, on "the ground it is irrelevant and immaterial and states a conclusion, no facts being set out in said paragraph or elsewhere in the petition which show that the acts of the defendant were in any way wrongful for aught it appears the defendant having insisted upon no more than it had a right to insist upon"; and specially to paragraph 18, on "the ground it is irrelevant and immaterial, it not being shown therein or elsewhere in said petition that

plaintiff herein is a shipper or bore any other contractual re-lationship with the defendant as a common carrier and no facts being set out in the petition to show [that] any violation of its duty as a common carrier was a violation of any duty owed the plaintiff"; and on "the ground it is too general, vague, and indefinite, there being no facts set out therein or elsewhere in the petition to show that this defendant violated any duty as a common carrier, [and] there being no facts set out to show that this defendant had no right to refuse to accept the shipment loaded in accordance with the method proposed by the plaintiff."

In ruling on the demurrer, the trial judge held: "It will thus be observed that the plaintiff does not occupy the status of a shipper, and the defendant railroad was under no contractual obligation as to the plaintiff to take these gas tanks; and if there was a breach of contract by the defendant in its duty as shipper [carrier?], such breach will inhere to the Atlanta Gas Light Company and not the plaintiff. We know of no statutory duty that raises any liability on the part of the defendant to the plaintiff, and there being no privity of contract as between the plaintiff and the defendant, we do not believe the facts alleged in the petition set out a good cause of action against the defendant." The trial judge sustained all grounds of demurrer, and ordered that, unless the petition was amended within 20 days from the date of his order to meet the terms of the order, the case would stand dismissed.

Thereafter, and within the time allowed, the plaintiff amended his petition. By this amendment a new paragraph 3 was substituted in the petition, indicating that the plaintiff had contracted with the Atlanta Gas Light Company to remove and load four designated 30,000-gallon propane gas tanks on freight cars for shipment, for a consideration of $2500; paragraph 14 of the petition was amended to show that the plaintiff was authorized by the agent of the railroad to load the tanks in the manner in which the freight cars shown to this agent were loaded; and paragraph 17 was amended to show that, in loading the tanks on freight cars, the plaintiff was acting in behalf of the Atlanta Gas Light Company and was obligated to load the tanks for this company at whatever cost to the plaintiff, and that the ad-

ditional expense incurred was expense of the plaintiff and not that of the Atlanta Gas Light Company.

After the petition was amended, the defendant moved "That the court declared the case as dismissed, it appearing that twenty days have elapsed from the date of the order of this court of May 31, 1949, and it further appearing that no amendment has been filed which meets the terms of said order." Objections to the allowance of the amendment for the same and other reasons were also filed. A different trial judge from the one ruling on the demurrer to the original petition ruled on the motion and objections, and this judge was of the opinion, and so stated in his order, among other things, that the original order sustaining the demurrer, not having been excepted to, became the law of the case, and that the plaintiff's amendment failed to meet the grounds of the defendant's demurrer. He sustained the motion to dismiss the case, and dismissed the petition. The plaintiff excepted to this judgment.

Regardless of the merits of the demurrer to the original petition and the correctness of the ruling thereon, the plaintiff acquiesced in this ruling by filing an amendment within the time allowed instead of excepting to the same. This ruling, unexcepted to, became the law of the case, whether it was right or wrong. *Elijah A. Brown Co.* v. *Wilson*, 191 *Ga.* 750, 751 (13 S. E. 2d, 779), *Miles* v. *Sears, Roebuck & Co.*, 65 *Ga. App.* 43 (14 S. E. 2d, 613), *Irby* v. *Gulf Life Ins. Co.*, 78 *Ga. App.* 783, 787 (52 S. E. 2d, 491), and citations.

The specific question before this court is whether or not the amendment met the terms of the original ruling on demurrer so as to show a cause of action by the amended petition within the terms of said ruling. The amendment to the petition is merely an amplification of the facts shown in the original petition, and indicates that the contract between the plaintiff and the gas company was for a fixed sum; that under said contract the plaintiff was obligated to load the tanks at whatever cost to the plaintiff; and that, accordingly, any unnecessary expense incurred was a loss to the plaintiff and not to the gas company. The amendment does not show any relationship between the plaintiff and the defendant different from the relationship alleged in the original petition, and we are of the opinion

that the amendment does not meet the requirements of the original ruling on demurrer.

It follows that the trial judge did not err in sustaining the motion and in dismissing the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*