## 33520. PARMER v. LANIER.

DECIDED MAY 25, 1951.

*Raymond W. Martin,* for plaintiff in error.
*Wyatt, Morgan & Sumner,* contra.

SUTTON, C. J.  C. G. Lanier, doing business as Lanier Motors, foreclosed a conditional-sales contract against Holly Parmer in the Superior Court of Troup County, and when the execution was levied on the Chevrolet truck described in the sales contract, the defendant filed an affidavit of illegality or counter-affidavit thereto.  The plaintiff demurred generally and specially to the counter-affidavit and the court sustained the general demurrer with leave to the defendant to amend.  The defendant filed an amendment to the counter-affidavit, and the plaintiff demurred generally and specially thereto and to the counter-affidavit as amended.  The court sustained the demurrers and struck the counter-affidavit as amended, and no exceptions were filed to the rulings on the demurrers.  This left the defendant without defensive pleadings.  The case proceeded to trial, and at the conclusion of the evidence the court directed a verdict for the plaintiff for the amount of principal and interest as called for by the note and sales contract.  The defendant made a motion for a new trial, which was overruled, and the exception here is to the judgment overruling that motion.

Special grounds 2 to 12, inclusive, of the motion for a new trial complain of the rejection of evidence tendered by the defendant to support certain contentions being made by him during the trial.  As above stated, the defendant's affidavit of illegality had been stricken on demurrer, which left him with-

out a defensive pleading. The ruling on the demurrers, unexcepted to, fixed the law of the case in this respect and was binding on the parties. *Groover* v. *Simmons*, 163 *Ga.* 778, 780 (137 S. E. 237); *Prescott* v. *Ellis*, 178 *Ga.* 822 (174 S. E. 525); *Irby* v. *Gulf Life Ins. Co.*, 78 *Ga. App.* 783, 787 (52 S. E. 2d, 491). There being no pleadings to authorize the introduction of the evidence by the defendant as set out and referred to in grounds 2 to 12 of his motion, the trial judge did not err in disallowing the same.

■ It is contended in special ground 1 of the motion that the court erred in directing a verdict for the plaintiff. The note or sales contract for the principal sum of $677.76, upon which the foreclosure proceeding was based, was introduced in evidence, and the plaintiff testified as to the amount due thereon. The defendant testified to the effect that he voluntarily signed the note and sales contract for the truck; that he knew he was pledging himself to pay the note when he signed it; that there was nothing urgent at the time he signed it; that there was no compelling reason for him to sign it at that time; that he bought the truck covered by the sales contract to use on the farm; that he had been using it every day when it was in shape for him to do so; and that he was driving it and using it on the day of the trial of this case, November 10, 1950, which was about a year and eight months after he bought the truck on March 17, 1949. There was no evidence in the record which would have authorized the jury to return a different verdict from that directed by the court, the verdict directed being for the principal and interest due on the note.

■ It follows that the trial court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*