33456.   WESTERN & ATLANTIC RAILROAD *v.* HUGHES.

Decided July 14, 1951.   Rehearing denied July 27, 1951.

518

*Walton Whitwell, Mitchell & Mitchell,* for plaintiff in error.
*M. C. Tarver,* contra.

MacIntyre, P. J. ■ The exceptions pendente lite to the overruling of the defendant's special demurrers to the original petition on November 28, 1950, though specified in the final bill of exceptions, are not argued or generally insisted upon in the briefs of counsel for the defendant and are treated as abandoned. Code § 6-1308, and numerous cases cited under catchword, "Abandonment."

■ The judgment of the trial court which was entered on November 28, 1950, in which it overruled certain special demurrers, sustained certain special demurrers, and allowed the plaintiff ten days (or until December 9, 1950) within which to amend to meet the criticisms of the demurrers, was a valid judgment; and, had the plaintiff permitted the ten-day period of "indulgence" or "grace" to elapse without filing and having such

amendments allowed, the petition would have been automatically dismissed. *Hayes* v. *Simpson,* 83 *Ga. App.* 22 (62 S. E. 2d, 441); *Gamble* v. *Gamble,* 193 *Ga.* 591, 595 (19 S. E. 2d, 276); *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181). But, be that as it may, in the present case the plaintiff on November 29, 1950, offered two amendments which the court allowed subject to demurrer; and, then, still during the same term and within the ten-day period of grace, before any ruling had been made upon the sufficiency of these two amendments to meet the criticisms of the defendant's demurrers, which had been sustained on November 28, 1950, counsel for the plaintiff, according to the certificate of the trial court, notified counsel for the defendant on December 6, 1950, that on December 7, 1950, he would reoffer the two amendments which had been offered and allowed subject to demurrer on November 29, 1950, and that he would at that time request orders reallowing those amendments and overruling the defendant's demurrers. On that date, December 7, 1950, according to the certificate of the trial court, the two amendments were reoffered and reallowed subject to demurrer, and the defendant's demurrers, which had been *sustained* on November 28, 1950, were *overruled,* all done "in open court . . at the same term, but no jury being present," according to the certificate of the trial court.

The effect of the rulings on December 7, 1950, was this: The reallowance of the amendments subject to demurrer, as was true of their first allowance subject to demurrer, ipso facto opened the question of whether such amendments met the criticisms of the defendant's special demurrers, which had been sustained on November 28, 1950. See *Trust Company of Georgia* v. *Mobley,* 40 *Ga. App.* 468, 473 (150 S. E. 169); and citations. The subsequent order on that date, December 7, 1950, overruling the defendant's demurrers, superseded the earlier order of November 28, 1950, and this later order adjudicated that the amendments met the criticisms of the demurrers which had been sustained on November 28, 1950. The defendant did not demur

to the amendments when offered or reoffered or at the time of the hearing on their sufficiency, and the court's order overruling the demurrers necessarily meant that the court was overruling the demurrers which he had previously sustained. In other words, the later order was, under the circumstances, a revocation of the earlier order, which was, during the same term, within the court's power; see *McCandless* v. *Conley*, 115 *Ga.* 48, 50 (41 S. E. 256), where it is said, " 'The authorities all hold that a court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may in its discretion seem necessary.' 1 Black, Judg., § 153." And, under the circumstances, counsel for the defendants having had notice of the proposed proceedings, an express order of revocation of the earlier order was unnecessary and would have been superfluous.

■ The defendant did not preserve any exceptions, either by exceptions pendente lite or in the bill of exceptions, to the court's ruling that the amendments had met the criticisms of the demurrers which had been sustained previously; and right or wrong, that ruling, on December 7, 1950, established as the law of the case that the amendments were sufficient.

■ The defendant's motion to set aside the judgment of December 7, 1950, overruling the defendant's demurrers, which has been dealt with above, and to strike the case from the docket, on the ground that the amendments did not meet the criticisms of the demurrers was not meritorious, and the trial court did not err in overruling it. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. No such defect appears on the face of the record or pleadings with reference to the court's ruling of December 7, 1950, upon the sufficiency of the amendments to meet the demurrers. As has been shown above, the defendant's counsel had notice of the proposed proceedings of December 7, 1950, the court was empowered to proceed as it did, and having established as the law of the case that the amendments met the demurrers, to which no exception

was taken, the order of December 7, 1950, was entirely regular. See, in this connection, *Mell* v. *McNulty*, 185 *Ga.* 343 (195 S. E. 181).

■ Assuming for the sake of argument that after the hearing on demurrers on December 7, 1950, of which the defendant had notice, that the special demurrers filed on December 12, 13, and 18, 1950, were within time (see Code, Ann. Supp., §§ 81-301, 81-1001, 81-1002; *Southern Cotton Oil Co.* v. *Raines*, 171 *Ga.* 154, 156, 155 S. E. 484, and citations), and we do not here express an opinion on that point, it is a well-established rule that, while an amendment may open the pleadings to demurrer anew, it does not open them to new rulings upon the identical questions previously adjudicated. *General Tire & Rubber Co.* v. *Brown Tire Co.*, 46 *Ga. App.* 548 (168 S. E. 75), and citations. The special demurrers filed on December 12, 13, and 18, were essentially upon the same grounds as those of the special demurrers filed on November 27, and overruled by the court on November 28, and December 7.

■ Coming now to the general demurrers to counts 1 and 2 of the petition, it is, of course, so well known that none will gainsay it, that a general demurrer, going to the whole pleading to which it is addressed, should be overruled if any part thereof is good in substance. *Greene* v. *Kelly*, 193 *Ga.* 675 (19 S. E. 2d, 718); *Pardue Medicine Co.* v. *Pardue*, 194 *Ga.* 516 (22 S. E. 2d, 143); *Napier* v. *Union Cotton Mills*, 93 *Ga.* 587 (20 S. E. 80); *May* v. *Jones*, 88 *Ga.* 308 (14 S. E. 552).

After a rather sedulous consideration of the allegations of both counts 1 and 2, we are of the opinion that each sets forth a cause of action.

In *Shaw* v. *Georgia Railroad Co.*, 127 *Ga.* 8, 13 (55 S. E. 960) it is said: " 'Where no permission is given, but there is a habit on the part of individuals or the public of traveling over the track on foot, and nothing is done to prevent it, that does not modify or change the legal rights or obligations of either the public or the company. By such use the public are not tacitly licensed to go upon the track and the consent of the company to the use is not implied; but the fact that they do go there enters into the situation as it is known to the company, and affects the caution and amount of care required in running the trains.'

522

The distinction already drawn [q. v.] between the case at bar and *Atlanta Ry. Co.* v. *Gravitt*, [106 *Ga.* 873], supra, was made in the well-considered case of *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 893, where Mr. Justice Fish, after citing numerous authorities, evolved the following rule: 'Taking the locality where the train is running and all the surrounding circumstances, if those in control of the movement of the train have no reason to apprehend that there may likely be a human being on the track in front of the engine, they are under no duty to one who may in fact be there, until they have actually discovered that he is there. But, if from the locality or surrounding circumstances, there is reason to apprehend that the track in front of the locomotive may not be clear of human beings, then, it seems to us, it is the duty of the employees of the company to keep a lookout ahead of the train; most assuredly so unless they are performing some duty which prevents their looking out upon the track in the direction in which the train is moving.' This rule is approved in *Ashworth* v. *Southern Railway Co.*, 116 *Ga.* 635, and *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644. In *Southern Railway Co.* v. *Chatman*, 124 *Ga.* 1026, Mr. Justice Lumpkin, after reviewing a number of cases, text-books, and other authorities on the duty of a railroad company to a trespasser, states the law thus: 'The general rule, that as to a trespasser upon a railway track the duty of observing ordinary care and diligence for his protection does not devolve upon the company's agents in charge of a train until his presence upon the track becomes known to them, does not relieve the company under all circumstances from anticipating the presence of a trespasser upon its track and from taking proper precautions to prevent injury to him. Where the circumstances are such that the employees of the company in charge of one of its trains are bound, on a given occasion, to anticipate that persons may be upon the track at a certain place, they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence." Whether the employees of a defendant railroad exercised such ordinary care as required by the circumstances is, of course, a question for the jury, and applying these rules to the allegations of counts 1 and 2, the two counts were not subject to general demurrer.

For the foregoing reasons, the judgments of the trial court must be, and are

*Affirmed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacIntyre, P. J. The court did not overlook the case of *Atlantic Refining Co.* v. *Peerson*, 31 *Ga. App.* 281 (120 S. E. 652). That case is distinguishable from the instant case in that there the court did not revoke its earlier order during the period allowed for amending and had, at the stage when he undertook to do so, already lost jurisdiction of the case.

*Rehearing denied. Gardner and Townsend, JJ., concur.*