33640.   McGARITY *v.* BREWER *et al.*

Decided July 16, 1951.

342

*Fraser & Shelfer*, for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene*, for defendants.

TOWNSEND, J. (After stating the foregoing facts.)

"Where a demurrer to a petition is sustained and the judgment thus entered is unexcepted to, the same becomes the law of the case." *Hayes* v. *Simpson*, 83 *Ga. App.* 22 (1-a) (62 S. E. 2d, 441); *Truitt* v. *Southern Ry. Co.*, 80 *Ga. App.* 790 (57 S. E. 2d, 496); *Elijah A. Brown Co.* v. *Wilson*, 191 *Ga.* 750, 751 (13 S. E. 2d, 779); *Miles* v. *Sears, Roebuck & Co.*, 65 *Ga. App.* 43 (14 S. E. 2d, 613); *Irby* v. *Gulf Life Ins. Co.*, 78 *Ga. App.* 783 (52 S. E. 2d, 491); *Darling Stores Corp.* v. *Beatus*, 197 *Ga.* 125 (28 S. E. 2d, 124); *Speer* v. *Alexander*, 149 *Ga.* 765 (102 S. E. 150); *Lavenden* v. *Haseman*, 157 *Ga.* 275 (121 S. E. 646); *Gamble* v. *Gamble*, 193 *Ga.* 591 (19 S. E. 2d, 276); *Atlantic Rfg. Co.* v. *Peerson*, 31 *Ga. App.* 281 (120 S. E. 652). The plaintiff here did not except to the rulings of the court sustaining the general demurrer to the petition, and it is therefore the law of the case, right or wrong, that the petition *prior to amendment* did not set out a cause of action because it failed to allege facts

sufficient in law to show gross negligence on the part of the plaintiffs. The only effect of the amendment was to strike the word "wanton" from the petition in characterizing the conduct of the plaintiffs. In consequence, the amendment in no way aided as against general demurrer. It is significant that no new demurrer was interposed to this petition after amendment. On the hearing of the motion to dismiss, no amendment curing the defect pointed out by the demurrer was offered. The exception is to the judgment of the trial court sustaining the demurrer in the first instance and sustaining the motion to dismiss the case after amendment. This exception is too late as to the judgment of the trial court sustaining the demurrer, it having been taken more than twenty days after the rendition of the judgment of which complaint is made. The motion to dismiss is based on the ground that the amendment striking the word "wantonly" failed to cure the defect in the original petition, which was the alleged insufficiency of the facts stated to constitute gross negligence, since no additional facts relating to gross negligence were added by amendment. As hereinbefore pointed out, whether the judgment of the trial court sustaining the demurrer on this ground was right or wrong, it was not excepted to within the time required by law and became the law of the case. Since the amendment which was filed pursuant to the judgment of the trial court sustaining the demurrer failed to aid the petition in this respect, the motion to dismiss was good, and the trial court did not err in sustaining it and dismissing the petition.

This case does not present the situation found in *Folsom v. Howell,* 94 *Ga.* 112 (21 S. E. 136) where the judgment sustained the general demurrer with leave to amend "to make the petition good in law," and where thereafter the defendants filed new demurrers to the petition as amended. It was there held that the demurrer to the petition as amended opened the merits of the whole pleading to a fresh adjudication, and that, if the petition as a whole set forth a cause of action such demurrer should be overruled, whether the matter contained in the amendment aided the petition or not. The situation here appears rather to fall under the rule set out in *Gamble* v. *Gamble,* supra, and "the extent of the present inquiry therefore is only to determine

if the offered amendment meets the grounds of demurrer as provided by the judgment." Since it did not do so, and, indeed, made no attempt to. do so as far as the ruling on the general demurrer is concerned, the judgment dismissing the petition is without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*