33997, 34006.   McCULLOUGH *v.* PATTERSON *et al.;* and *vice versa.*

SUTTON, C. J.   The defendants, in an action on a note brought by a transferee thereof, filed a plea alleging that the plaintiff had agreed, as a part of the consideration for an agreed exchange of tracts of land between the plaintiff and the defendants, to pay the amount due on the note sued on to the original payee of the note, and alleging that the parties had completely performed said agreement. The court sustained the plaintiff's general and special demurrers to the plea, and granted the defendants "30 days in which to amend to meet the grounds of demurrer, in default of which amendment the answer shall stand dismissed," to which judgment no exception was taken. The defendants filed an amendment to their plea on the last day of the time allowed for amendment and, after the expiration of the time allowed for amendment, filed a second amendment to their plea, in which they struck the first amendment in its entirety; and they further alleged in the second amendment that the note sued on was secured by a second mortgage on the premises conveyed by the defendants to the plaintiff, and was given by the defendants to the plaintiff's transferor for materials and supplies used in the construction of the dwelling on said premises, and that the plaintiff's agreement to pay the note was not in writing. The plaintiff renewed his demurrers to the plea as amended by the second amendment, and also demurred to the second amendment on the ground that its allegations added nothing substantial to the allegations of the original plea and were insufficient to meet the original grounds of demurrer. The court overruled the demurrers to the amended plea and to the amendment, and the plaintiff excepted. *Held:*

1. The defendants did not except to the judgment sustaining the general demurrer to their plea and answer,[1] and they acquiesced in that ruling

---

[1] This judgment was rendered prior to the effective date of the act of 1952, amending Code § 81-1001 (Ga. L. 1952, p. 243).

by amending their plea within the time allowed; and it was thereby established, as the law of the case, that the defendants' plea before it was amended did not set out a defense under any theory to the present action on a note. *Childs* v. *Blaine*, 84 *Ga. App.* 847 (67 S. E. 2d, 787); *McGarity* v. *Brewer*, 84 *Ga. App.* 341 (66 S. E. 2d, 157); *Parmer* v. *Lanier*, 84 *Ga. App.* 52, 53 (65 S. E. 2d, 457); *Truitt* v. *Southern Ry. Co.*, 80 *Ga. App.* 790 (57 S. E. 2d, 496).

2. If the first amendment to the plea, which does not appear in the record and which was stricken before any ruling on the sufficiency thereof was invoked by the plaintiff, set out a defense different from that alleged in the defendants' original plea, so as to reinstate the defense, nevertheless, the defendants in the second amendment to their plea alleged nothing materially different in legal effect from what was alleged in their original plea to which the general demurrer had been sustained; for, as the agreement relied on was alleged to have been fully performed, it did not matter whether such agreement was in writing or not (Code, § 20-402); and it was likewise immaterial that the indebtedness alleged to have been assumed by the plaintiff was an encumbrance upon the property conveyed by the defendants to the plaintiff (see *First National Bank of Quitman* v. *Rountree*, 173 *Ga.* 117 (2), 120, 159 S. E. 658; *Belle Isle* v. *Moore*, 190 *Ga.* 881 (1), 10 S. E. 2d, 923, where similar agreements by a third party to assume debts, which were not an encumbrance upon the property conveyed by the debtor to such third party, were enforced); and the court erred in overruling the plaintiff's demurrer to the defendants' second amendment on this ground.

3. Furthermore, if the first amendment to the plea, which was filed within the time allowed by the court (but which was stricken by the second amendment and does not appear in the record), did not set out a defense different from that alleged in the defendants' original plea, to which a general demurrer had been sustained, so that it failed to reinstate the stricken defense within the time allowed, then the defendants' second amendment to their plea came too late for consideration by the court, and it was error for this reason to overrule the demurrers thereto. *Simpson* v. *Hayes*, 208 *Ga.* 754 (69 S. E. 2d, 567); *Ervin* v. *Sheffield*, 209 *Ga.* 27 (70 S. E. 2d, 513).

4. The further proceedings in the case, including those on which error is assigned in the cross-bill of exceptions, were nugatory.

*Judgment reversed on the main bill of exceptions (number 33997); and the cross-bill (number 34006) is dismissed. Felton and Worrill, JJ., concur.*

DECIDED MAY 9, 1952.

*George A. Haas*, for plaintiff.
*Bertram S. Boley, Paul Webb Jr.*, for defendants.