## 41483. SHELTON v. HAAS.

PER CURIAM. On November 2, 1964, a general demurrer was sustained in the lower court to the petition of plaintiff. The court's order allowed plaintiff 20 days within which to amend his petition but ordered that on failure to amend the petition "shall stand dismissed."

Within the stated time the plaintiff filed a pleading attempting to amend the original petition, without first obtaining an order of the court allowing the amendment to be filed. That did not amount to amending the petition. *Clark v. Ganson,* 144 Ga. 544 (2) (87 SE 670); Ga. Procedure and Practice, § 7-4, p. 167. Thus the petition stood automatically dismissed. See *Speer v. Alexander,* 149 Ga. 765, 767 (102 SE 150); *Gamble v. Gamble,* 193 Ga. 591, 595 (19 SE2d 276); *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32); *Rochester Capital Leasing Corp. v. Christian,* 109 Ga. App. 818, 821 (137 SE2d 518).

The bill of exceptions was tendered to the trial judge on May 21, 1965 which is considerably more than 30 days after the final judgment by automatic dismissal of the petition on general demurrer. Accordingly, this court is without jurisdiction and the bill of exceptions must be dismissed. *Butler v. Gibbons,* 215 Ga. 454 (110 SE2d 927).

*Bill of exceptions dismissed. Bell, P. J., Frankum and Hall, JJ., concur.*

SUBMITTED SEPTEMBER 13, 1965—DECIDED DECEMBER 3, 1965.

*Ernest Stone, Jr.*, for plaintiff in error.
*William T. Beard*, contra.