## Morrison-Trammell Brick Company v. McWilliams.

LUMPKIN, J.   1. The plea of recoupment set forth in paragraph third of the defendant's answer was not subject to general demurrer. Nor was it subject to several of the grounds of special demurrer. It was subject to demurrer on the ground that it was not alleged when the contract was made, nor when fire was set to the kiln of brick, nor when the burning of the kiln was begun.

2. The plea of recoupment set out in the fourth paragraph of the defendant's answer was not subject to general demurrer, but was subject to demurrer on the ground that it did not appear that the damages claimed were reasonably in contemplation of the parties when the contract was made; and that it did not allege when the contract was made or the burning of the brick begun, or how much wood was necessary to burn the kiln.

3. If a portion of a plea or answer is stricken upon a ruling made that it is without merit, this is res adjudicata if an amendment setting up substantially the same defense is tendered at a later date. But if such part of a plea or answer is stricken on special demurrer on the ground that the allegation is not sufficiently specific, this does not prevent the tendering of an amendment to the answer at a later date, setting up the defense with sufficient specification. *Dolvin* v. *American Harrow Co.*, 125 *Ga.* 699.

4. Where a demurrer was heard and the decision reserved, the court was not bound to notify plaintiff's counsel before rendering judgment. *Ripley* v. *Eady*, 106 *Ga.* 422.

5. The amendment tendered in the present case was subject to objection on the ground that it did not set out the date of the contract for the purchase of the wood, or the time of the burning of the kiln in connection with which the wood was needed. It was therefore not error to reject it.

6. Per ATKINSON, J. I concur in the judgment in this case, but think that the plea of recoupment set forth in the third paragraph of the answer and dealt with in the first headnote was subject to demurrer for the further reason that it did not sufficiently show that the damages claimed were in contemplation of both parties at the time of the making of the contract, under the rule stated in *Georgia Railroad* v. *Hayden*, 71 *Ga.* 518.       *Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 15, 1906.

Complaint.    Before Judge Hamilton.    City court of Floyd county.    September 28, 1905.

*Seaborn & Barry Wright,* for plaintiff in error.

*W. S. McHenry* and *G. E. Maddox,* contra.