### 18152.  WOODLAND HILLS COMPANY *v.* LAWTON.

STEPHENS, J.  1.  Where a contract for the sale of land provides that, upon default of the purchaser in the payment of any sum due as purchase-money under the contract, the seller may at his option terminate the contract and re-enter and take possession of the premises, the taking possession of the land by the seller by placing a third person thereon as a tenant, after a default by the purchaser in the payment of an amount due on the purchase-money, is sufficient to authorize, if not demand, the inference that the seller had exercised the option given him under the contract to terminate it upon failure of the purchaser to promptly perform his obligation to pay the purchase-money.

2.  This being a suit by the seller against the purchaser to recover the unpaid balance contracted to be paid upon the purchase-money, the evidence authorized the inference that the plaintiff had rescinded the contract, and retaken possession of the premises, and had released the purchaser from further obligation under the contract.  The verdict found for the defendant was therefore authorized.

3.  The plea alleging the exercise by the plaintiff of the option given him under the contract, to cancel and terminate the contract upon the failure of the defendant to comply with the obligations as to payment, contains a sufficiently definite allegation as to the time of the exercise of the option by the plaintiff when it alleges that the plaintiff exercised this option and that the date of such exercise is unknown to the defendant.  It was not error to overrule a demurrer to the plea upon the ground that the date of the exercise of the option was not alleged.  This is true although the allegation was made by way of amendment after a special demurrer to the original plea had been sustained with leave to amend, upon the ground that the date of the exercise of the option was not alleged.  The sufficiency of a plea as amended may, both as respects general and special demurrers thereto, be determined upon the

Appeal and Error, 4 C. J. p. 650, n. 38.
Courts, 15 C. J. p. 987, n. 61.
Judgments, 34 C. J. p. 895, n. 40.
Pleading, 31 Cyc. p. 362, n. 39 New.
Vendor and .Purchaser, 29 Cyc. p. 1957, n. 17; p. 1972, n. 23.

merits alone and without reference to any previous order, with leave to amend, sustaining a demurrer to the plea before amendment. The former orders, being conditional, are not res judicata, and the judgments thereon may be changed and modified by the final order upon the plea as finally amended. *Folsom* v. *Howell*, 94 *Ga.* 112 (21 S. E. 136).

4. An amendment offered by the defendant which strikes the plea in its entirety and substitutes therefor new paragraphs containing allegations which amplify those in the original plea, which is stricken, is not subject to the objection that by virtue of the striking of the original plea there is nothing to amend by. The striking of the original plea and the substituting of the new matter therefor being simultaneous acts, it can not be said that the defendant's entire defense was stricken, and that therefore there was in fact no plea in existence when the amendment containing the new matter was offered.

5. Since the case was tried by the court without a jury, and the judgment finding for the defendant was expressly predicated upon the plea alleging a rescission and termination of the contract by the exercise of the plaintiff of the option to terminate the contract upon default by the defendant, the rulings upon the plaintiff's demurrers to other and independent defenses set up by the defendant are immaterial.

6. The verdict for the defendant, which was found by a judge of the municipal court of Atlanta sitting without a jury, was authorized, and no error was committed by the trial judge in passing upon the demurrers. The plaintiff's motion for a new trial was properly overruled, and the judgment of the appellate division of the municipal court of Atlanta, affirming the verdict and judgment for the defendant, was correct.

7. Section 42 of the act of 1925, regulating practice in the municipal court of Atlanta (see Ga. L. 1925, p. 370, 383), which provides that in all cases tried in the municipal court of Atlanta by a judge without a jury a judgment shall be rendered and publicly announced in open court, is not applicable to judgments rendered in the appellate division of that court. An assignment of error in a petition for certiorari that the judgment rendered by the appellate division of the municipal court of Atlanta was error, as being in violation of the provisions of the above-cited section 42 of the act of 1925, in that the rendition of the judgment was not publicly announced, but that notice of its rendition was given to counsel by mail only, is without merit.

8. The judge of the superior court properly dismissed the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1928. REHEARING DENIED MARCH 3, 1928.

Certiorari; from Fulton superior court—Judge Moore. April 25, 1927.

*Noah J. Stone,* for plaintiff.

*Sutherland & Tuttle,* for defendant.