HARRIS *v.* PLAINS MERCANTILE COMPANY.

No. 12412. November 23, 1938. Rehearing denied December 3, 1938.

*R. L. Maynard,* for plaintiff. *Dykes & Dykes,* for defendant.

Duckworth, Justice. ■ Where on January 31, 1938, at the November term, 1937, the superior court entered an order sustaining general demurrers to a petition and dismissing the action, "unless the plaintiff shall within thirty days from this date so amend said action as to meet the points of general demurrer," an amend-

ment filed on March 2, 1938, was within time. *Rusk* v. *Hill*, 117 *Ga.* 722 (45 S. E. 42). And where the court, on March 14, 1938, entered an order sustaining demurrers to the petition as amended, and this order was excepted to and assigned as error in a bill of exceptions reciting the facts stated above, and its presentation within the time required by law, and the judge certified to the truth of the bill of exceptions, and to the fact that the November term, 1937, of said court had not yet adjourned, the bill of exceptions affirmatively shows on its face that it was presented in time. Code, § 6-902; *McBurnette* v. *Huff*, 154 *Ga.* 452 (114 S. E. 578); *Moore* v. *Kelley*, 109 *Ga.* 798 (35 S. E. 168); *Thompson* v. *Stephens*, 138 *Ga.* 205 (75 S. E. 136); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (2) (155 S. E. 18). The motion to dismiss the writ of error is without merit.

■ Where a petition by a married woman seeking to have canceled a deed given pursuant to an alleged transaction, and to recover moneys paid pursuant to another transaction, is demurred to on the grounds that the petition is without equity and sets forth no cause of action either legal or equitable, and the demurrer is sustained and the action dismissed, "unless the plaintiff shall within thirty days . . so amend . . as to meet the points of general demurrer," such order is conditional to the extent that an amendment to conform thereto prevents such judgment from becoming permanent; and where the petitioner amends within the time allowed to meet the grounds of demurrer to that portion of the petition seeking recovery of moneys paid, such amendment saves the petition from being dismissed by such order. *Olds Motor Works* v. *Olds Oakland Co.*, 140 *Ga.* 400 (78 S. E. 902); *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617). However, where the amendment makes no attempt to meet the grounds of demurrer going to the equitable features of the petition seeking cancellation, the order to that extent becomes final, and that portion of the petition attacked by the demurrer stands dismissed. *Blackwell* v. *Ramsey-Brisben Stone Co.*, 126 *Ga.* 812 (55 S. E. 968); *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander*, 149 *Ga.* 765 (102 S. E. 150); *Smith* v. *Atlanta Gas-Light Co.*, 181 *Ga.* 479 (2) (182 S. E. 603); *Smith* v. *Buggs*, 35 *Ga. App.* 317 (133 S. E. 49).

■ The petition as amended alleged, that the husband of petitioner became indebted to the defendant, and assigned as collateral security a warehouse receipt covering peanuts; that when the defendant called on the warehouseman to deliver the peanuts the warehouseman did not have the quantity called for by the receipt; that the warehouseman called on the husband for the shortage, and the husband agreed to pay the shortage of $246.53; that at the instance of the warehouseman the petitioner executed a note and security deed for that amount; that she was not indebted to the warehouseman in any sum, but signed the note and deed for his accommodation; that the note and deed were immediately transferred to the defendant, and were intended and in fact used by the defendant as a credit on the indebtedness due by the husband to the defendant, and it was so agreed between the parties, including the defendant; that the plan of securing this note and deed was participated in by the defendant for the purpose of making petitioner liable for an indebtedness of her husband; that the defendant was not a bona fide purchaser for value, and took the notes and deed without paying any present consideration but took them in lieu of the warehouse receipt; and that the petitioner had paid the notes and had the security deed canceled of record. The petition as amended set forth a cause of action for recovery of the sums paid to the defendant. Code, §§ 53-502, 53-503; *Humphrey* v. *Copeland*, 54 *Ga.* 543; *Grant* v. *Miller*, 107 *Ga.* 804 (33 S. E. 671); *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296 (152 S. E. 834); *Magid* v. *Beaver*, 185 *Ga.* 669 (196 S. E. 422). The judge erred in sustaining the demurrers.

■ The defendant having succeeded in striking that part of the petition seeking cancellation, it is unnecessary to pass on the assignment of error complaining of the sustaining of a "plea in bar" of the relief sought in that part of the petition. See *Echols* v. *Green*, 140 *Ga.* 678 (6) (79 S. E. 557).

*Judgment reversed. All the Justices concur.*