28737, 28742.   CRAIG *v.* BAGGS; and *vice versa.*

DECIDED APRIL 4, 1941.

*Plunkett & Scarborough,* for plaintiff in error.

*Turpin & Lane,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) The first question presented is whether the court erred in overruling the exception of law to the plaintiff's objection to the admission in evidence by the auditor of the testimony of the defendant that the operating expenses of his business for the period from November 1, 1936, to April 30, 1939, was the lump sum of $16,929.29. It appears that the plaintiff and the defendant were working under a contract by which the plaintiff was to receive as his commission twenty per cent. of the net income derived from the operation of the defendant's business, which was to be twenty per cent. of the difference between the gross income and the operating expenses. The defendant himself operated the business, and all of this information was peculiarly within his knowledge. He testified that the books were kept by him at his home. He was an accountant and operated an accounting business. Under such an arrangement a duty rested on the defendant to keep a detailed and accurate account of the income and the operating expenses of the business; so that the net income could be accurately determined. The plaintiff, in seeking an accounting, was entitled to have the defendant show in detail the items of expenses incurred during the period of his employment.

In Wootton Land & Fuel Co. *v.* Ownbey, 265 Fed. 91, 99, 100, it was held as follows: "In making proof of credits claimed by him (the accounting party) he should present an itemized statement, showing the details of expenditures, with the vouchers, re-

ceipts and memoranda supporting his claim. . . It follows as a corollary to these principles that the duty to account is not fulfilled by a mere general statement that the money was expended . . or by a general denial that any of the principal's money was taken for the personal use of the trustee. Such statements are but the conclusions of the witness, and afford no reasonable opportunity to the principal to test the fact or the propriety of the expenditures, and give the court no basis for determining from the facts of each transaction whether the trustee has faithfully performed his duty." If the plaintiff was employed from November 1, 1936, to April 30, 1939, on the basis of receiving twenty per cent. of the net income derived from the operation of the business during that period, he is entitled to recover twenty per cent. of the difference between the gross income and the operating expenses during that period, and the defendant has the burden of proving what allowances he is entitled to receive as operating expenses. "In a suit for an accounting, one who is liable to render an account has the burden of proving allowances or credits which he may claim." Choctaw &c. Co. v. Sittel, 21 Okla. 695 (97 Pac. 363). See also Sharp v. Behr, 136 Fed. 795; Simper v. Scorup, 78 Utah, 71 (1 Pac. 2d, 941) ; Wootton Land &c. Co. v. Ownbey, supra. See *Oliver* v. *Hammond, 85 Ga.* 323 (11 S. E. 655), and *Garrett* v. *Morris,* 104 *Ga.* 84 (30 S. E. 685), as supporting this general rule. Therefore it was error for the auditor to admit in evidence, and base his finding thereon, testimony of the defendant that his operating expenses for the period of the contract was so much money in a lump sum. With this testimony excluded and not considered, it appears from the auditor's alternative report that the plaintiff would be entitled to commissions of $2221.54, which sum was in excess of that as reported by the auditor, $1036.25. The court having erred in admitting this testimony the verdict sustaining the auditor's report (as to all except exception 5) based upon such testimony was illegal and can not be allowed to stand. Had this evidence been excluded, the plaintiff, under the auditor's report, would have been entitled to a sum in excess of that found by the auditor, and as found by the jury in sustaining the auditor's report. We are not holding in what amount the plaintiff would be entitled to recover. We are holding only that the court erred in failing to sustain the exception to the admission by the auditor

of the testimony of the defendant as to the gross expenses of the operation of the business. This error necessarily affected the legality of the verdict. The court erred in overruling the plaintiff's motion for new trial.

We will now dispose of the questions made in the cross-bill of exceptions. The plaintiff, as alleged, is suing to recover compensation for the period of his employment from November 1, 1936, to April 30, 1939, on a contract of employment, as alleged in the petition, made in November, 1936, for a period ending October 31, 1937, and on another contract containing the same terms made the first part of November, 1937, by a renewal, by agreement between the parties, of the existing contract, to extend through October 31, 1938, and on another contract containing the same terms, made in the first part of November, 1938, by a renewal, by agreement between the parties, of the existing contract, to extend through October 31, 1939. The plaintiff alleged that the defendant wrongfully discharged him and terminated the contract April 30, 1939. He is not suing on one contract extending through the entire period of his employment, but is suing on three separate and distinct contracts of the same nature and terms, between the same parties, each of which contracts, under the facts as alleged in the petition as amended, was to be performed within one year. Therefore the petition is not subject to the demurrer that the contract sued on was oral and was unenforceable as being within the statute of frauds. The court did not err in overruling the defendant's general demurrer. There is no merit in the special demurrers based upon the grounds as stated above.

Under the contract between the plaintiff and the defendant, which on the record as here presented must be taken as true, the plaintiff was entitled to twenty per cent. of the net income of the business done during the existence of the contract. The plaintiff was entitled, in the computation of his percentage, to have taken into consideration the total income of the business earned during the period of his employment, notwithstanding some of the income was not collected until after the termination of his employment. There is no merit in the defendant's so-called cross-bill of exceptions that the verdict was without evidence to support it in so far as it found for the plaintiff a percentage of the income on business earned during the period of plaintiff's employment and

858

which was collected after his employment had terminated. We are not, however, holding in what amount the plaintiff is entitled to recover.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Sutton and Felton, JJ., concur as to the cross-bill. Sutton, J., dissents from the reversal on the main bill.*