## 30597. PARKER *v.* GILES.

DECIDED NOVEMBER 25, 1944.

*T. J. Lewis,* for plaintiff in error.

*A. E. Wilson, R. A. Whitsett,* contra.

MacINTYRE, J. ■ A demurrer to the petition in a suit on an account was made, and on the hearing the court on October 2, 1941, entered an order that, "the oral demurrer and motion coming on for hearing, the same is sustained with ten days leave to plaintiff to amend. If no amendment is filed within ten days from this date, said case stands dismissed." On October 10, 1941, within the time allowed by the judge to file an amendment, the plaintiff filed and the court allowed an amendment to meet, or seeking to meet, the grounds of the demurrer. On October 21, 1941, the defendant renewed the general demurrer to the petition as amended. This last or renewed demurrer was never passed on. On November

4, 1941, the plaintiff dismissed the suit. Thereafter, he filed the present suit on the same account. At the appearance term the defendant filed a plea of res judicata setting up the above facts. The former suit was between the same parties on the same account, and the defendant contended "that the former suit had been dismissed on a motion in the nature of a general demurrer," and that "said judgment sustaining the said demurrer was final adjudication of the cause sued on" and, therefore, the plea of res judicata should have been sustained.

The case of *Burrus* v. *Burrus,* 196 *Ga.* 813 (27 S. E. 2d, 748), and the other cases cited by the defendant are cases in which a demurrer was filed to a petition, and, upon a hearing thereof, an order was entered requiring that the petition be amended within a stated time, and that in default of such amendment within that stated time, the petition "stands dismissed." In those cases the time allowed in which to amend had expired before the tender and allowance of the amendment. Thus it would have been erroneous, after such tender of the amendment, to have overruled the motion seeking a formal dismissal of the action, for the cases stood automatically dismissed by the terms of the order, which was the law of the case. *City of Hapeville* v. *Jones,* 194 *Ga.* 57 (20 S. E. 2d, 599). On the other hand, in the instant case, where, within the time stated in the order or judgment on the original demurrer to the petition, an amendment, seeking to meet the demurrer, was either filed and allowed, or filed and allowed subject to demurrer, this was sufficient to retain the case in court; to authorize the judge to consider the paper as an amendment; to preserve the jurisdiction of the judge to pass upon the amendment; and to prevent an automatic dismissal of the action.

After the allowance of the amendment within the time provided by the order, it does not appear in the record that there was either a formal motion to dismiss the action or that the case was involuntarily dismissed. As the case was still pending with the demurrers to the amended petition undisposed of, the plaintiff had a right to voluntarily dismiss it. In these circumstances, the first remedy not having been pursued to a final adverse judgment, the second suit brought upon the same account was not subject to the plea of res judicata. *Greer* v. *Protective Mortgage Co.,* 189 *Ga.* 217 (5 S. E. 2d, 751) ; *Blyth* v. *White,* 178 *Ga.* 488 (173 S. E. 421) ; *Johnson* v.

*Vassar,* 143 *Ga.* 702 (85 S. E. 833); *Clark* v. *Ganson,* 144 *Ga.* 544, 545 (87 S. E. 670); *Waller* v. *Clarke,* 132 *Ga.* 830, 833 (64 S. E. 1096); *Keen* v. *Nations,* 43 *Ga. App.* 321, 322 (158 S. E. 613); *City of Hapeville* v. *Jones,* supra.

■ After a finding against the plea of res judicata, the case proceeded to trial before the judge sitting without the intervention of a jury, who found a judgment in favor of the plaintiff. The evidence, while conflicting, supported the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*