### 33241. HAYES *v.* SIMPSON.

DECIDED OCTOBER 19, 1950. REHEARING DENIED DECEMBER 15, 1950.

*Mitchell & Mitchell,* for plaintiff in error.

*William B. Spann Jr., Alstor, Foster, Sibley & Miller, Pittman, Hodge & Kinney,* contra.

TOWNSEND, J. (After stating the foregoing facts.) As to the necessity of sustaining a motion to strike a case from the docket, where a general demurrer has been sustained and the case dismissed unless within a specified time an amendment is offered

curing the defect, it is held in *Gamble* v. *Gamble,* 193 *Ga.* 591, 595 (supra): "Under numerous rulings of this court, where the order sustaining the demurrer allowed a definite time, in this case 30 days, within which an amendment meeting the grounds of the demurrer might be filed, and provided that, if no such amendment was filed within the time allowed the suit should 'stand dismissed,' if no amendment meeting the grounds of the demurrer was filed the suit was automatically dismissed. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181) . . The judgment sustaining these grounds, not having been excepted to, is the law of the case; and whether or not that judgment was authorized . . the plaintiffs are estopped by reason of their acquiescence and failure to challenge the soundness of that judgment. The extent of the present inquiry therefore is only to determine if the offered amendment meets the grounds of the demurrer as provided by the judgment."

It is not within the province of this decision to determine whether or not the trial court correctly sustained the general demurrers in the first instance, since this judgment, not having been excepted to, is now the law of this case. It must therefore be accepted as true that the petition as originally filed affirmatively shows, when construed most strongly against the pleader, that the plaintiff's own negligence and want of ordinary care was the proximate cause of the injury and damage. The plaintiff in his original petition set out facts showing that the wrecker blocked his side of the highway; that, when he first saw it, he was 45 feet from it; that he immediately applied his brakes, but in spite of this collided with it. The collision might presumably have been avoided in one of two ways—either to pass around the wrecker, or to stop before colliding with it. The plaintiff alleged that he was unable to pass around the wrecker because of approaching traffic. He did not allege that he was unable to see the obstacle in his path in time to stop or otherwise show why he was unable to stop. The amendment merely alleged that the plaintiff's headlights were burning. This cannot

be said to meet the criticism of the general demurrer that "the allegations affirmatively show that the injury and damage for which the plaintiff sues were caused solely by his own negligence or want of ordinary care." Nothing in the amendment, if the petition originally showed lack of ordinary care and that the plaintiff's damage was proximately caused by his own negligence, changes that state of facts, it still not being shown why the plaintiff was unable to stop his car, and the petition as it now stands with the amendment must be held to continue to be subject to the same defect. It has frequently been held to be negligence to drive a car at such a speed that one is unable to stop within the distance of one's lights at the time. See *Pollard v. Clifton*, 62 *Ga. App.* 573 (9 S. E. 2d, 782); *Bassett v. Callaway*, 72 *Ga. App.* 97 (33 S. E. 2d, 112). The plaintiff in his amendment merely alleged that the lights were burning on his car, from which allegation the fair inference might be drawn either that his lights did not shine 45 feet ahead, in which case they were defective, or that they did shine more than 45 feet ahead, in which case the plaintiff should have been able to see the obstacle but did not do so.

Counsel for the defendant contends that this case should fall under the ruling in *Folsom v. Howell*, 94 *Ga.* 112 (21 S. E. 136), as follows: "A demurrer to a petition as amended opens the merits of the whole pleading to a fresh adjudication, and a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing. Thus, where a petition was heard on a demurrer thereto, and the presiding judge passed an order, not dismissing the petition, but declaring that it would be dismissed unless amended within a given time so as to make it good in law, this judgment was not final upon the merits, but the whole petition was open for amendment within the time limited, and another demurrer afterwards filed to the petition as amended should have been overruled if the petition as a whole set forth a cause of action, whether the matter contained in the amendment aided it or not."

As Judge Jenkins pointed out in his excellent discussion of this subject in *Smith v. Bugg*, 35 *Ga. App.* 317 (133 S. E. 49), the only distinction possible is whether or not an element of futurity exists in the order, and it is necessary to determine by this

means whether the order is conditional (as in the *Folsom* case) or absolute (as in the *Gamble* case), but subject to reinstatement of the case by compliance therewith. An element of futurity in the order will render it conditional and open the entire case to fresh adjudication, as where the order is interpreted as meaning that the petition *"will be* dismissed on failure to comply therewith" (see *Folsom* v. *Howell,* supra; *Trust Co. of Georgia* v. *Mobley,* 40 *Ga. App.* 168, 150 S. E. 169), and the same result will be obtained when the order goes to special demurrers only (*Woodland Hills Co.* v. *Lawton,* 37 *Ga. App.* 742 (3), 142 S. E. 208; *Parsons* v. *Foshee,* 80 *Ga. App.* 127 (2), 55 S. E. 2d, 386; *Klotz* v. *Raymond,* 61 *Ga. App.* 30, 5 S. E. 2d, 613). On the other hand, an order which purports to dismiss a case *in praesenti* on general demurrer, and at the same time gives the pleader a specified time to amend, is, as Judge Jenkins points out in *Smith* v. *Bugg,* supra, self-contradictory, and can be explained only by considering the dismissal as taking place instanter with a right of reinstatement upon compliance with the condition, and for this reason orders which read that the petition "is" dismissed, or "is hereby" dismissed, or "stands" dismissed are absolute and have no element of futurity in them. *Atlantic Refining Co.* v. *Peerson,* 28 *Ga. App.* 779 (113 S. E. 116); *Clark* v. *Ganson,* 144 *Ga.* 544 (supra); *Speer* v. *Alexander,* 149 *Ga.* 765 (supra); *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646); *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326); *Gamble* v. *Gamble,* supra; *Pratt v. Gibson,* 96 *Ga.* 807 (23 S. E. 839); *Harris* v. *Plains Mercantile Co.,* 187 *Ga.* 337 (200 S. E. 241). In such cases, where an amendment is not tendered, or, if tendered, fails to cure the defect pointed out by the order, the petition is automatically dismissd at the end of the period of time allowed in which to amend.

This ruling is not in conflict with *Bradshaw* v. *Crawford,* 77 *Ga. App.* 441 (49 S. E. 2d, 169). There the demurrer was sustained and the plaintiff given a specified time in which to amend so as to meet the defects in the petition, or the petition would "stand dismissed." Before the expiration of the allotted time, an amendment was filed which did not cure the defect, but *before hearing thereon,* and consequently before it was adjudicated that the amendment was insufficient, a second amendment

the purport of which was to amplify and complete the first amendment, and which did cure the defect, was tendered. It was there held that the trial court, in passing on the *renewed demurrer* thereafter, should have considered the two amendments together in determining whether the same complied with the order in the judgment sustaining the demurrer and granting time in which to cure the defect. As stated in *Parker* v. *Giles*, 71 *Ga. App.* 763, 764 (32 S. E. 2d, 408), the allowing or filing of such an amendment is sufficient to preserve the jurisdiction of the court to pass upon its sufficiency. This amounts to a fresh adjudication, limited to a consideration of the amendments as applied to the original petition, which had already been adjudged subject to general demurrer, and which judgment had become the law of the case.

The trial court erred in overruling the motion to strike the case from the docket.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*