### 33490. BENION *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

WORRILL, J. 1. "The mere filing in the office of the clerk of the superior court of a paper called an amendment, but without any allowance by the judge or order permitting it to be filed, does not amount to amending the petition." *Clark* v. *Ganson,* 144 *Ga.* 544 (2) (87 S. E. 670). However, where, as here, the amendment bears an order of the trial court as follows: "Read and considered: Let the same be filed subject to objections," such order is a sufficient allowance to make the pleading, when filed, a part of the record in the case. Since an amendment cannot be filed in contemplation of law except after allowance by the trial court, the order directing that it be filed is tantamount to its allowance. Further, the order itself requires action on the part of the trial court in the event objections are interposed to the amendment, which necessitates his giving it judicial consideration. The court having acted upon the amendment to the extent of ordering the same to be filed, it cannot be said that the pleading was not "allowed" by him. See *McCaulla* v. *Murphy,* 86 *Ga.* 475 (1) (12 S. E. 655).

2. The amendment to the plaintiff's petition was properly filed in the trial court before receipt by it of the remittitur from this court reversing the previous judgment of the trial court overruling the general demurrers to the petition. The remittitur from this court was thereafter properly made the judgment of the trial court, but this judgment merely adjudicated that the petition prior to amendment did not set out a cause of action; and did not constitute res judicata as to the petition after amendment and before the petition was dismissed by the trial court. This division of the opinion is controlled by *Southeastern Wholesale Furniture Co.* v. *Atlanta Metallic Casket Co.,* 84 *Ga. App.* 271 (1) (66 S. E. 2d, 68). Under these circumstances the court erred in dismissing the plaintiff's action.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*

DECIDED JULY 13, 1951. REHEARING DENIED JULY 25, 1951.

*Bill A. Shirley, Ruby S. Poole,* for plaintiff.
*William F. Buchanan, Mary J. Nelson,* for defendant.