38994. DALE'S SHOE STORE, INC. v. DALE.

Decided September 12, 1961.

*Howard P. Wallace, Charles L. Weltner,* for plaintiff in error.
*Beck, Goddard, Owen & Smalley, William H. Beck, Jr.,* contra.

Felton, Chief Judge. The only question in this case is whether the contract contended for by Mrs. Dale is definite enough to be enforceable. She contended by her evidence that authorized officers of the defendant corporation agreed to pay her for services rendered the corporation "when the store got on its feet and got to making a profit." The quoted provision is a condition precedent and is an integral part of the contract. If it is not definite and understandable the whole contract must fall. There is no evidence of any kind in the case which throws any light on the meaning of the condition precedent. Therefore it becomes the duty of this court to fix its meaning, if possible,

or to declare it unenforceable if it cannot be reasonably construed. In the absence of any evidence on the question of what the condition means or what the intention of the parties was we can see no basis upon which to place a reasonable, common sense conclusion. Even if the condition means simply that the payments were to be made when the defendant earned a profit the contract does not provide how much profit. If the condition is construed literally if the corporation earned $1.00 in profits for a year the amount proved to be reasonable would be due. The evidence in this case showed that the defendant made a profit of $3,000 in 1959, but it is not what actually occurs which determines the meaning and reasonableness of the condition but what possibly could have eventuated. The provision as to getting on its feet cannot be ignored. It was not in the contract for ornament. The corporation had an original net worth of at least $11,000. In the year the profit was made the net worth was much less than $11,000. It is argued by plaintiff in error that the corporation should not be said to be on its feet until the original net worth was regained. There is merit in this argument. The least that can be said is that the corporation could not be considered on its feet until the profits equaled a fair return on the original investment and that profits within the meaning of the term as used in this case meant a profit paying such a fair return plus an amount equal to the reasonable value of the plaintiff's services. However, these are surmises and nothing more. It simply cannot be reasoned with any degree of certainty or reasonableness what the condition means. Good faith and regard for the interests of both parties must be presumed. The indefinite and uncertain condition nullified the whole contract and the court erred in overruling the motion for a new trial and the motion for judgment notwithstanding the verdict. Both judgments are reversed with direction that the court enter up judgment in accordance with the motion for a judgment notwithstanding the verdict.

*Judgments reversed. Bell and Hall, JJ., concur.*