39055. THE STAN-RICH COMPANY v. SCHNEIDER.

DECIDED DECEMBER 1, 1961.

J. William Gibson, Irving K. Kaler, for plaintiff in error.

Haas, Holland & Zinkow, William M. Sinrich, contra.

BELL, Judge. ■ The defendant's first contention is that the agreement as to the percentage of profits to be allowed the plaintiff as compensation under the alleged contract is too vague to be enforceable.

Admittedly, a provision in a contract which is too uncertain and indefinite to be capable of enforcement cannot be made the basis of a cause of action. *Dale's Shoe Store v. Dale*, 104 Ga. App. 371 (121 SE2d 695). In that case a condition precedent in a contract agreeing to pay an employee the reasonable value of her services "when the store got on its feet and got to making a profit" was held too uncertain and indefinite to be enforceable. See also *Gray v. Aiken*, 205 Ga. 649 (54 SE2d 587), where a pro-

vision in an alleged contract was held to be so vague, uncertain, and indefinite as to require the dismissal on general demurrer of an action brought for its breach.

Insofar as relevant, the substance of the compensatory provisions here in dispute are described in the petition as follows: "(c) Fifty percent (50%) of the profits from the sales of the hard surface division of defendant's Atlanta operations before taxes; said profit to be computed by the method employed by defendant in determining profits for Federal Income Tax purposes, except that no deduction shall be taken for Federal or State taxes paid, and said fifty percent (50%) to be determined prior to the payment of taxes based on such computation. (d) An equitable share of the profits from the sales in the soft surface division of defendant's Atlanta operations before taxes; said profit to be computed as in the immediately preceding subparagraph, and said equitable share to be computed as that percentage of the profits of said division which equals the percentage which plaintiff's time and efforts expended in promotional, selling, managerial and advisory activities in the soft surface division bears to his total time and effort expended in the promotional, selling, managerial and advisory activities of the business as a whole."

The defendant earnestly urges that the phrase in subparagraph (d) reading, "equitable share of the profits," brings this contract within the prohibitory rule enunciated in *Gray v. Aiken*, 205 Ga. 649, supra, and like cases, and renders the compensatory provision too indefinite to be enforceable. With this contention we cannot agree.

The clause here in issue (d) as to paying "an equitable share of the profits" merely sets forth a method of computation which is sufficiently definite to make it enforceable. The term "equitable share" is defined in this subparagraph (d) as "that percentage of the profits of said division which equals the percentage which plaintiff's time and efforts expended in promotional. . . activities in the soft surface division bears to his total time and effort expended in the promotional . . . activities of the business as a whole." This language clearly sets forth a ratio of the profits which can be determined upon evidence being adduced as to the respective percentages. Further, under this subpara-

graph (d) the computation of profits of the soft surface division of the defendant's Atlanta operation is to be made *before taxes,* and the taxes are to be computed by reference to subparagraph (c), which provides: "(c) Fifty percent (50%) of the profits from the sales of the hard surface division of defendant's Atlanta operations before taxes; said profit to be computed by the method employed by defendant in determining profits for Federal Income Tax purposes, except that no deduction shall be taken for Federal or State taxes paid, and said fifty percent (50%) to be determined prior to the payment of taxes based on such computation."

Accordingly, we conclude that the compensatory provisions of the contract alleged in the petition are not too vague and indefinite to be enforceable. The trial judge properly overruled the defendant's renewed and additional demurrers numbered 1, 4, 5, 6, 7, 8, 9, 11, and 12.

■ The next contention of the defendant is that the trial court erred in overruling the defendant's objections to plaintiff's amendment and erred in overruling defendant's motion to strike it. The attack on these rulings is twofold.

Firstly, it is pointed out that the order of the trial court did not grant the plaintiff leave to amend, nor did the plaintiff request of the court leave to amend; thus, it is urged, it was error for the trial court to permit, subject to objection and demurrer, the filing of the amendment.

As we view it, this contention has no merit.

We are not confronted in this case with a situation where the order sustaining the demurrers allows a definite time within which an amendment meeting the grounds of the demurrers might be filed, nor with one where the order provides that the petition will "stand dismissed" if no amendment meeting the demurrer is filed. There can be no automatic dismissal here for there is present in the order an element of futurity which renders the entire case open to fresh adjudication. See *Smith v. Bugg,* 35 Ga. App. 317 (133 SE 49); *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441). In such a situation the trial court retained jurisdiction of the case. This being so, we conceive the pleader's privilege to amend to exist as a matter of right under the provisions of *Code* § 81-1301.

In *Parsons v. Foshee*, 80 Ga. App. 127 (55 SE2d 386), the trial court entered an order ·sustaining special demurrers and gave the plaintiff fifteen days in which to amend. The plaintiff amended the petition, but the amendment was filed two days after the fifteen-day period allowed in the order had expired. The defendant excepted, contending that the trial judge had no authority to allow the amendment after the time for amendment had expired. On this issue this court held that inasmuch as the trial judge did not provide for automatic dismissal of the petition on the plaintiff's failure to amend within the time allowed, an amendment by the plaintiff purporting to be filed in response to the original order opens up the whole case for consideration upon its merits. See also *Hayes v. Simpson*, 83 Ga. App. 22, 26, supra; and *Smith v. Goodwin*, 103 Ga. App. 248 (119 SE2d 35). Where a trial judge sustains a special demurrer and allows a time limitation within which amendments may be filed, yet under the authority of the *Hayes* and *Smith* cases, supra, he has the power to allow amendments after the expiration of the time limitation, it would seem to follow naturally that he would have the power to allow amendments where no time limitation was interposed and where no provision calling for automatic dismissal was included in the order.

Secondly, it is urged that the plaintiff's amendment actually alleges a new agreement. This contention has no merit.

The plaintiff's amendment struck the original allegations as to the profit sharing agreement, and the amended paragraph merely amplified and further explained the stricken allegation so that, as finally pleaded, the provision was sufficiently definite to be enforceable. An amendment being an elaboration of facts already alleged in the petition is allowable. *Duke v. Williams*, 92 Ga. App. 151 (88 SE2d 289). The other grounds of error assigned were without merit, or were not argued, and are thus deemed abandoned.

The trial court properly overruled and denied defendant's objections to the plaintiff's amendment and motion to strike, and properly overruled the renewed and additional demurrers of defendant on all grounds.

*Judgment affirmed. Hall, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. Paragraph 3 of the petition alleged in part that "As further consideration for the employment of petitioner, defendant did agree to pay your petitioner a bonus to consist of fifty percent (50%) of the profits from the sales of the hard surface division before taxes, said equitable share to be based primarily on the time and effort expended by your petitioner in the promotion and selling activities of said soft surface division." This part of paragraph 3 was attacked by several special demurrers, some of which were sustained. The ground of one of the sustained demurrers was that it was not indicated how the profits before taxes were to be computed. Two other sustained demurrers had as their grounds that the petition showed on its face that the profits claimed are based on a standard so vague and wanting in particularity as to be unenforceable. At the time of the sustaining of these demurrers there was no offer to amend, no request for time to amend and no time allowed for amendment.

This special concurrence is written to call attention to the status of the law under the decisions of the Supreme Court and this court. As I interpret them they mean that where a special demurrer which does not go to the entire case is sustained and the case is still in court, a party may still amend before verdict where the *demurrer does not go to the merits of the matter with which the demurrer deals*; and that regardless of how many times a judge sustains a special demurrer and strikes the attacked paragraphs, a party may continue to amend the pleadings as to the stricken portions so long as the case is in court and no verdict or judgment has been rendered. These rulings, by which we are bound, seem to make a mockery of rulings on special demurrers not involving the merits. See *Dolvin v. American Harrow Co.*, 125 Ga. 699 (54 SE 706, 28 LRA (NS) 785); *Morrison-Trammell Brick Co. v. McWilliams*, 127 Ga. 159 (56 SE 306); *Harris v. Plains Mercantile Co.*, 187 Ga. 337 (200 SE 241); *Whiteway Neon-Ad., Inc. v. Maddox*, 211 Ga. 915 (1) (89 SE2d 650); *Blackwell v. Ramsey-Brisben Stone Co.*, 126 Ga. 812 (55 SE 968); *Cheatham v. Palmer*, 191 Ga. 617 (5a) (13 SE2d 674); *Davis v. Bishop Bros.*, 158 Ga. 66, 70 (122 SE 555).

In this case the question whether the demurrer involved merits

or merely a matter of insufficient or defective technical pleading, to my mind, is extremely close. The line between the two is very thin.