43401, 43402.  SEABOARD AIR LINE RAILROAD
COMPANY v. HAWKINS (two cases).

JORDAN, Presiding Judge.  In these companion cases the defendant railroad company appeals from rulings of the trial court allowing the two plaintiffs, a wife and her husband, to maintain actions against the company based on a grade crossing collision between a vehicle operated by the wife and the defendant's train.  *Held:*

1. Where a plaintiff elects to amend within the time specified in an order sustaining general and special demurrers and providing for automatic dismissal upon a failure to amend within the time specified, "he is entitled to have his entire petition as amended considered on renewed and additional demurrers as to whether a cause of action is then alleged." *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, 518 (156 SE2d 348). Accordingly, the trial court in the present cases, in recognition of the rules in effect before the Civil Practice Act, did not err in overruling the motions for orders suggesting automatic dismissal of the plaintiffs' petitions.

2. While the trial judge expressly predicated his rulings on the above motions on the rules in effect before the Civil Practice Act, as was proper, the motions being directed to the legal effect of pleadings and orders preceding the effective date of the Act, he expressly overruled the renewed and additional demurrers to the amended petition under the new rules of the Civil Practice Act.  Absent any affirmative determination on his part (under *Code Ann.* § 81A-186) that it would not be feasible or would work an injustice to apply the new procedure, his action in considering the new procedure applicable was proper.

3. The defendant urges before this court that the general demurrers be considered under the new procedure as motions to dismiss for failure to state a claim, and "does not insist upon the renewed and additional special demurrers."  Under the Civil Practice Act, aside from venue, the plaintiff's complaint must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." *Code Ann.* § 81A-108 (a).  All pleadings are to be construed to do substantial justice. *Code Ann.* § 81A-108 (f).  The petitions in the present cases disclose a

collision at a grade crossing between a train operated by the defendant and a Chevrolet sedan operated by the wife. Allegedly, the wife stopped the vehicle at the crossing in obedience to a stop sign, then proceeded to within about five feet of the crossing. Seeing the approaching train and believing collision imminent, she tried to leave the vehicle. Before she cleared herself completely the train struck the vehicle and as a result of this collision she was knocked down, causing her alleged personal injuries, and affording the basis of her claims and that of her husband for medical expenses and loss of services. Various specific acts of negligence are alleged as the cause, such as allowing conditions at the crossing which obscured vision, excessive speed of the train under existing conditions, failure to sound a whistle, and failure to apply brakes to the train. The complaints clearly indicate claims attributable to the alleged negligence of the defendant, and numerous decisions under the federal rules affording the basis for the new procedure in this State are to the effect that a complaint should not be dismissed unless it affirmatively appears that the plaintiff could not possibly be entitled to relief under any statement of facts which could be proved in support of the allegations. Treating the general demurrers to the petitions as appropriate motions under the new procedure, the trial judge did not err in overruling such demurrers.

*Judgment affirmed. Deen, J., concurs. Pannell, J., concurs specially.*

ARGUED FEBRUARY 7, 1968—DECIDED MAY 21, 1968.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington, William H. Schroder, Jr.,* for appellant.

*Harrison, Martin & Childs, John S. Harrison,* for appellees.

PANNELL, Judge, concurring specially. While I agree with the conclusion reached in Division 1 of the opinion, I cannot agree with the rule of law set forth therein as it is stated for the reason that a necessary element of the rule is omitted. The intimation in Division 1 is that there is no longer a procedure for objecting to an amendment upon the ground that the amendment does not meet the ruling on demurrer. Prior to the Civil

Practice Act (which has abolished demurrers in all the courts of this state which are courts of record) where demurrers, either general or special, were sustained with leave to amend and the order provided for dismissal upon failure to amend and an amendment was filed to the pleadings within the time required and the defendant, *without at that time also objecting to the amendment as not meeting the rulings on demurrer,* merely renewed the demurrer to the petition *as amended* and filed additional demurrers to the *petition as amended,* the demurrant waived the law of the case established by the ruling made and the entire petition as amended must be considered on the renewed and additional demurrers. See *Perkins v. First Nat. Bank,* 221 Ga. 82, 94 (143 SE2d 474) in which it was said: "[I]t appears that when the amendment to the petition was offered neither defendant moved that it be disallowed or stricken, but both renewed their original motion and demurrer to the petition as amended and further demurred to the petition as amended. This constituted a waiver of the right to insist that the original judgment finally disposed of the case because in such renewed motion and demurrer to the petition as amended and demurrers to the petition and its amendment as a unit, the defendants recognized the original judgment sustaining their respective motion and demurrer was not final and did not dismiss the petition. See *Benion v. Life & Cas. Ins. Co.,* 84 Ga. App. 509 (2) (66 SE2d 75)." See also *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136); *Jones v. Butler,* 191 Ga. 126, 128 (12 SE2d 326); *Smith v. Bugg,* 35 Ga. App. 317, 320 (133 SE 49); *Woodland Hills Co. v. Lawton,* 37 Ga. App. 742 (3) (142 SE 208); *Parsons v. Foshee,* 80 Ga. App. 127, 130 (2) (55 SE2d 386); *Olds Motor Works v. Olds Oakland Co.,* 140 Ga. 400 (78 SE 902).

Since this is the situation here (the motion to dismiss based upon an attack on the amendment having been made after the renewal of the demurrers to the petition as amended), the trial court did not err in overruling such motion, it having been filed too late. However, where a proper objection to the amendment is made, the question for determination is not whether the *petition as amended* is subject to demurrer, but the only question is whether the amendment meets the prior ruling on demurrer.

See in this connection *Kennedy v. Ayers,* 164 Ga. 277, 278 (3) (138 SE 155); *Lederle v. City of Atlanta,* 164 Ga. 440, 441 (6) (138 SE 910); *Speer v. Alexander,* 149 Ga. 765 (102 SE 150). These differences in procedure were recognized by this court in *McGarity v. Brewer,* 84 Ga. App. 341 (66 SE2d 157); *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441), affirmed, *Simpson v. Hayes,* 208 Ga. 754 (69 SE2d 567). Nothing in the case of *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, 518, supra, rules to the contrary. That case merely ruled (a) that the pleader by amending did not waive his right to contest the correctness of the ruling on demurrer requiring amendment, and to this extent only is the case of *Speer v. Alexander,* supra, overruled, and held (b) that an appeal could be entered either prior to amending or after amending when a subsequent appealable order is entered or the time for amending expires, and it is only as to this that the court criticized *Simpson v. Hayes,* supra. There is nothing in the case of *Peacock Constr. Co. v. Chambers,* supra, ruling to the contrary of what is here stated as the actual question decided in the *Peacock* case was as to *when* the judgment could be appealed from and that the first ruling did not become the permanent law of the case as it did when an amendment waived the right to complain of the first ruling. I would therefore state the rule as follows: Where a plaintiff elects to amend within the time specified in an order sustaining general and special demurrers and providing for automatic dismissal upon a failure to amend within the time specified, *and the defendant, without objecting to the amendment as being insufficient to meet the rulings on demurrer, renews his demurrer to the petition as amended or files additional demurrers to the petition as amended,* thus waiving his right to such an objection, the plaintiff "is entitled to have his entire petition as amended considered on renewed and additional demurrers as to whether a cause of action is then alleged" (*Peacock Constr. Co. v. Chambers,* supra). Accordingly, the trial court in the present cases, in recognition of the rules in effect before the Civil Practice Act, did not err in overruling the motions for orders suggesting automatic dismissal of the plaintiff's petitions.