### 44194. GOETTE v. DARVOE.

PANNELL, Judge. Catherine Goette brought an action against Ted R. Darvoe, seeking recovery of damages for breach of an oral contract praying for process, accounting, and, in prayers numbered 3 and 4, for certain alleged items of damage, for jury trial, and for general relief. The defendant filed a document entitled "motion" and stated "his motions as

follows: 1. The complaint should be dismissed because it fails to state a claim upon which relief can be granted. 2. The complaint seeks to recover upon a contract not to be performed within one year, which alleged contract is void as not in writing as required by the Statute of Frauds, *Code Ann.* § 20-401 (5). 3. Defendant moves to strike Paragraphs 3 and 4 of the plaintiff's prayers on the ground that said prayers are inconsistent, redundant and immaterial and the relief asked for in said prayers is not supported by any allegations in the complaint." The trial judge entered an order on the defendant's "motion" adjudging "the defendant's motion to dismiss be sustained on all three grounds and that said petition be and the same is hereby dismissed." The plaintiff appealed to this court. *Held:*

1. Under the rulings of this court construing Section 8 of the Civil Practice Act (Ga. L. 1966, pp. 609, 619, as amended; *Code Ann.* § 81A-108), the claim here was sufficient as against a motion to dismiss for failure to state a claim. A parol contract to be performed within a year, its renewal for periods of less than a year, its performance by the plaintiff, and its breach by the defendant during the last renewal period was alleged. It is no longer necessary to state a complete and particularized cause of action. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Seaboard A. L. R. Co. v. Hawkins,* 117 Ga. App. 797 (3) (161 SE2d 886); *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327). See also Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80).

Whether, because of lack of particulars, the claim may have been subject to a motion for a more definite statement, we do not decide.

2. Paragraph 5 of *Code* § 20-401 is no bar to the claim, as the original parol agreement was to be performed in less than a year, and each renewal thereof was to be performed in less than a year. *Craig v. Baggs,* 64 Ga. App. 850 (1) (14 SE2d 156). This ground of dismissal was also without merit.

3. A motion, such as ground 3 of the "motion" in the present case, to strike certain paragraphs of a complaint is not a motion to dismiss the complaint, and the trial judge erred in so treating it and dismissing the complaint for alleged de-

fects in a portion of the prayers for relief. Section 54 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 658). Assuming, without deciding, that the prayers were subject to the motion to strike, the claim will not be dismissed merely because plaintiff, in some of his prayers, requested relief to which he was not entitled. See Gay v. E. H. Moore, Inc., 26 FSupp. 749; 2A Moore's Federal Practice (2d Ed.), p. 1803, § 8.18.

4. Since none of the grounds of the "motion" stated valid grounds for dismissal of the claim, it was error for the trial judge to dismiss the claim on the grounds stated in the "motion."

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1969—DECIDED FEBRUARY 21, 1969— REHEARING DENIED MARCH 6, 1969.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, James P. Googe, Jr., Malcolm Maclean,* for appellant.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan,* for appellee.

