## 56591. LORD et al. v. COMMERCIAL PAINTING COMPANY.

Shulman, Judge.

In an action for rent, a directed verdict was entered in favor of the landlord for the full amount sought. We affirm

the judgment.

In two related enumerations of error, appellants argue that the trial court improperly refused to admit evidence of diminished rental value and of business losses flowing from the landlord's alleged breach of a promise to install independent heating and air conditioning systems on the leased premises and that this evidence, if admitted, would have precluded the directed verdict in favor of the landlord for the full amount claimed. We disagree.

By agreement of the parties, a pre-trial order limited appellants' claim of diminished rental value and business losses to the landlord's alleged promise to install the independent systems. Appellants' evidence on trial showed that the landlord promised to install such systems "when he could afford to." This alleged promise cannot create liability on the part of the landlord for breach thereof. See *Dale's Shoe Store v. Dale,* 104 Ga. App. 371 (121 SE2d 695). Because appellants' evidence was legally insufficient to support appellants' sole grounds for claiming diminished rental value and business losses, and because the landlord established a prima facie case for recovery, the verdict in favor of the landlord was demanded.

As a directed verdict was proper as to the issue of liability, errors, if any, relating to the exclusion of evidence of damages for business losses and for diminution of rental value do not require reversal. *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148 (3) (237 SE2d 618).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED JANUARY 5, 1979.

*Richard L. Powell, Hugh H. Lowery,* for appellants. *Jeffrey B. Talley,* for appellee.